Jacob B. Lee
Nevada Bar No. 012428
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
Fax: (480) 420-1695
JLee@strucklove.com

Gina G. Winspear
Nevada Bar No. 005552
DENNETT WINSPEAR, LLP
3301 North Buffalo Drive, Suite 195
Las Vegas, Nevada 89129
Telephone: (702) 839-1100
Fax: (702) 839-1113
GWinspear@dennettwinspear.com

*Specially Appearing for Defendants Hininger,
Thomas, Marr, Fuller, Williams, and CoreCivic*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GEORGE L. VONTRESS,<br><br>                         Plaintiff,<br><br>v.<br><br>STATE OF NEVADA, et al.,<br><br>                         Defendants. | Case No. 2:18-cv-01746-RFB-PAL<br><br>**CORECIVIC DEFENDANTS' MOTION TO EXCUSE INDIVIDUALLY NAMED DEFENDANTS FROM THE FEBRUARY 15, 2019 EARLY MEDIATION CONFERENCE** |

Defendants Hininger (incorrectly sued as Defendant Henninger), Thomas, Marr, Fuller, Williams, and CoreCivic (collectively, "CoreCivic Defendants"), through counsel, respectfully request that Defendants Hininger, Thomas, Marr, Fuller, and Williams (collectively, "Individual CoreCivic Defendants") be excused from personal appearance at the mediation conference set for Friday, February 15, 2019 in Las Vegas, Nevada. The CoreCivic Defendants have specially appeared in this matter for the limited purpose of participating in the Inmate Early Mediation Program. By so doing, they do not consent to the jurisdiction of this Court over them or concede that this Court is the appropriate venue for resolution of the issues raised in the Complaint, which

arise out of Plaintiff's incarceration at CoreCivic's Saguaro Correctional Center ("SCC") in Eloy, Arizona. Nor do the CoreCivic Defendants waive any other defenses, objections, or arguments to the claims asserted in this matter. (Doc. 34.)

Plaintiff, George Vontress ("Plaintiff"), originally filed this lawsuit on September 10, 2018. (Doc. 1-1.) On that same date, Plaintiff filed a Motion for Preliminary Injunction and Temporary Restraining Order seeking an Order requiring the Defendants to provide him orthopedic braces and an extra mattress. (Doc. 2-3.) Although none of the Defendants had been served at that time, the Court ordered the Clerk to notify the Nevada Attorney General's Office to make a special appearance on behalf of the Defendants at a hearing set for October 2, 2018. (Doc. 5.) The Attorney General's Office did so, and the Court ordered the Nevada Department of Corrections ("NDOC") to provide Plaintiff's medical records under seal or for in camera review by close of business on October 12, 2018. (Doc. 6-7.)

NDOC submitted the records for in camera review on October 11, 2018, and filed a response to Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order on October 19, 2018. (Doc. 9, 12.) The Court thereafter ordered NDOC to provide Plaintiff the braces and mattress by October 26, 2018. (Doc. 13, 18.) The Court further ordered Defendant SCC,[1] which had not yet been served, to make a special appearance at the next hearing. (Doc. 18.) On October 25, 2018, NDOC informed the Court that is had provided the braces and extra mattress to Plaintiff. (Doc. 14.)

On October 30, 2018, Plaintiff filed a Motion Requesting Keep Away Order and Judicial Notice that sought an order keeping SCC Correctional Counselor ("CC") Andrew Loza away from Plaintiff due to alleged threats against Plaintiff by CC Loza. (Doc. 15-16.) Although the CoreCivic Defendants had not yet been served, the Court ordered counsel for SCC to file a special appearance by November 5, 2018, and a response to Plaintiff's Motion Requesting Keep Away Order by November 7, 2018, and ordered the Clerk to serve a copy of the Order directing the appearance and response on SCC Warden Thomas. (Doc. 19.)

---

[1] The Court ultimately dismissed SCC from this matter with prejudice, as it is an "inanimate building, not a person or entity subject to liability." (Doc. 34.)

1    CoreCivic filed a Notice of Special Appearance on November 5, 2018, and a Response to
2    the Motion Requesting Keep Away Order on November 7, 2018.[2] (Doc. 20-21.) On November
3    15, 2018, the Court set a hearing on the Motion Requesting Keep Away Order for November 19,
4    2018, and ordered the personal appearance of Plaintiff, Warden Thomas, and CC Loza (who is
5    not a Defendant in this matter). (Doc. 25-27.) Following the hearing, the Court denied the Motion
6    Requesting Keep Away Order. (Doc. 33.) The Court also denied the Motion for Preliminary
7    Injunction and Temporary Restraining Order as moot, as Plaintiff had been provided the braces
8    and extra mattress. (Id.)

9    The Court issued its Screening Order on November 21, 2018, staying the matter for 90
10   days to allow the parties to participate in the Inmate Early Mediation Program, and directing
11   Plaintiff, through the United States Marshals Service ("USMS"), to serve the CoreCivic
12   Defendants "for the limited purpose of engaging in settlement discussions during the 90-day
13   stay." (Doc. 34.) The Court further ordered the CoreCivic Defendants to advise the Court within
14   21 days of service whether they would be entering a special appearance for the purpose of
15   settlement, and stated that "[n]o defenses or objections, including lack of service, shall be waived
16   as a result of the filing of the limited notice of appearance." (Id.) The CoreCivic Defendants filed
17   their Notice of Special Appearance on January 28, 2019. (Doc. 41.)[3]

18   On January 25, 2019, the Court set the Inmate Early Mediation Conference for Friday,
19   February 15, 2019. (Doc. 40.) The Order Setting Inmate Early Mediation Conference requires the
20   personal attendance of a representative of CoreCivic "who has the full authority, subject to any

---

[2] At every opportunity, the CoreCivic Defendants have confirmed the limited nature of their appearances in this matter to date, and have reserved their right to assert all objections and defenses, including but not limited to lack of jurisdiction and improper venue.

[3] At the time the CoreCivic Defendants filed their Notice of Special Appearance, counsel for the CoreCivic Defendants had received no information regarding the status of USMS's attempts to serve the CoreCivic Defendants, but filed the Notice of Special Appearance in order to ensure their ability to participate in the mediation conference. (Doc. 40-41.) On January 29, 2019, counsel learned that all of the CoreCivic Defendants except Daniel Marr were served on January 25, 2019 (Mr. Marr is no longer employed by CoreCivic, such that facility staff at SCC were unable to accept service on his behalf at that time). Counsel has since confirmed that they may accept service on behalf of Mr. Marr and will be representing him in this matter as well.

legally required board approval, to settle the case on [CoreCivic's] behalf." (Doc. 40.) The Order further requires that "[a]ny person who is a defendant and not a current or former employee of the [NDOC] must also attend the mediation conference in person, unless his or her presence is excused by the Court." (Id.)

The Individual CoreCivic Defendants respectfully request that they be excused from attending, for the following reasons. First, CoreCivic is defending and indemnifying the Individual CoreCivic Defendants, and CoreCivic's corporate representative will have full and binding authority to settle the case on their behalf. The Individual CoreCivic Defendants will have no input with respect to any settlement demands or counter-offers and will not be contributing monetarily to any settlement that may be reached, such that their personal attendance would waste valuable resources with no benefit to the settlement process. Indeed, the Court sua sponte excused individual defendants who are current or former employees of NDOC, presumably because NDOC—like CoreCivic with respect to the Individual CoreCivic Defendants—will be representing their interests and making decisions on their behalf. (Id.)

Second, requiring the Individual CoreCivic Defendants to travel from the various states where they reside to Nevada for the mediation conference would impose an undue burden on them, especially where (1) they have not yet answered the Complaint, and so far have only been served "for the limited purpose of engaging in settlement discussions during the 90-day stay" (id.); (2) they have repeatedly reserved their right to challenge the Court's jurisdiction over them and the District of Nevada as the appropriate venue;[4] and (3) their appearance would be of no benefit to the settlement process. Defendants Thomas, Fuller, and Williams live in Arizona. Defendant Hininger is the CEO of CoreCivic, and lives in Tennessee. Any costs CoreCivic would be required to incur for their travel and accommodations would reduce the amount potentially available for settlement. Defendant Marr is no longer a CoreCivic employee, and now lives and works in Texas. Requiring him to travel to Nevada for the mediation conference would impede his ability to work and generate income.

---

[4] Plaintiff will be appearing via videoconference due to the logistical issues involved in transporting him from Arizona to Nevada.

3545731                                   - 4 -

1  The Individual CoreCivic Defendants therefore respectfully submit that good cause exists
2  to excuse their personal attendance at the February 15, 2019 mediation conference, and request
3  that the Court do so.

4  DATED this 5th day of February 2019.

5                                  STRUCK LOVE BOJANOWSKI & ACEDO, PLC

7  By /s/ Jacob B. Lee
       Jacob B. Lee
8      3100 West Ray Road, Suite 300
       Chandler, Arizona  85226
9      JLee@strucklove.com

10     Gina G. Winspear
       DENNETT WINSPEAR
11     3301 North Buffalo Dr., Suite 195
       Las Vegas, NV 89129
12     GWinspear@dennettwinspear.com

13     *Specially Appearing for Defendants Hininger,
       Thomas, Marr, Fuller, Williams, and CoreCivic*

3545731                               - 5 -

**CERTIFICATE OF SERVICE**

I hereby certify that on February 5, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

>Adam P. Laxalt
>Matthew Feeley
>Henry Kim
>State of Nevada
>Office of the Attorney General
>555 E. Washington Ave., Ste. 3900
>Las Vegas, Nevada 89101
>Email: usdcfilings@ag.nv.gov
>Email: mfeeley@ag.nv.gov
>Email: hkim@ag.nv.gov

*Specially Appearing Party*

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

>George Vontress (NDOC #96499)
>Saguaro Correctional Center
>1252 E. Arica Road
>Eloy, AZ 85131

*Plaintiff Pro Se*

/s/ Allen Rowley

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GEORGE L. VONTRESS,<br><br>                   Plaintiff,<br><br>v.<br><br>STATE OF NEVADA, et al.,<br><br>                   Defendants. | Case No. 2:18-cv-01746-RFB-PAL<br><br>**ORDER GRANTING MOTION TO EXCUSE INDIVIDUALLY NAMED DEFENDANTS FROM THE FEBRUARY 15, 2019 EARLY MEDIATION CONFERENCE** |

Upon consideration of CoreCivic Defendants' Motion to Excuse Individually Named Defendants from the February 15, 2019 Early Mediation Conference, and good cause appearing,

**IT IS HEREBY ORDERED** that Defendants' Motion is GRANTED.

**IT IS FURTHER ORDERED** that Defendants Hininger, Thomas, Marr, Fuller, and Williams are hereby excused from appearing at the February 15, 2019 Early Mediation Conference.

DATED this 7th day of February 2019.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

3545818

- 1 -