UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GEORGE L. VONTRESS,<br><br>                    Plaintiff,<br>v.<br>STATE OF NEVADA et al.,<br><br>                    Defendants. | Case No. 2:18-cv-01746-RFB-PAL<br><br>ORDER |

This action is a pro se civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner who is currently housed at a private prison in Eloy, Arizona. Plaintiff has submitted an application to proceed *in forma pauperis*. (ECF No. 1). Based on the financial information provided, the Court finds that Plaintiff is unable to prepay the full filing fee in this matter.

The Court entered a screening order on November 21, 2018. (ECF No. 34). The screening order imposed a 90-day stay and the Court entered a subsequent order in which the parties were assigned to mediation by a court-appointed mediator. (ECF Nos. 34, 40). The Office of the Attorney General and the CoreCivic Defendants have filed status reports indicating that settlement has not been reached and informing the Court of their intent to proceed with this action. (ECF Nos. 48, 49).

For the foregoing reasons, IT IS ORDERED that:

- Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **granted**. Plaintiff shall not be required to pay an initial installment of the filing fee. In the event that this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

1

- The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.
- Pursuant to 28 U.S.C. § 1915(b)(2), CoreCivic shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **George L. Vontress, #96499** (in months that the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action. If Plaintiff's inmate account transfers back to the Nevada Department of Corrections, the CoreCivic Accounting Supervisor is directed to send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702, indicating the amount that Plaintiff has paid toward his filing fee, so that funds may continue to be deducted from Plaintiff's account. The Clerk shall send a copy of this order to the **CoreCivic Accounting Supervisor, 1250 East Arica Road, Eloy, AZ 85131.**
- This case is no longer stayed.
- Service must be perfected within ninety (90) days from the date of this order pursuant to Fed. R. Civ. P. 4(m).

IT IS FURTHER ORDERED that as to **Defendants Nevens, Dr. Pena, Gentry, Dreeson, and Dzurenda**:

- The Clerk of the Court shall electronically **serve** a copy of this order and a copy of Plaintiff's complaint (ECF No. 35) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.
- Subject to the findings of the screening order (ECF No. 34), within twenty-one (21) days of the date of entry of this order, the Attorney General's Office

shall file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office shall file, under seal, but shall not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address(es).

- If service cannot be accepted for any of the named defendant(s), Plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff shall provide the full name and address for the defendant(s).

- If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint (ECF No. 35) within sixty (60) days from the date of this order.

- Plaintiff shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed or electronically filed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any

3

document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service.

IT IS FURTHER ORDERED that as to **Defendants Henninger, Thomas, Marr, Fuller, Williams, and CoreCivic**:

- The Clerk of Court **shall issue** summonses for Defendants Henninger, Thomas, Marr, Fuller, Williams, and CoreCivic, **and deliver the same**, to the U.S. Marshal for service. The Clerk also **shall send** sufficient copies of the complaint (ECF No. 35) and this order to the U.S. Marshal for service on Defendant(s).
- The Clerk **shall send** to Plaintiff **six (6)** USM-285 forms. Plaintiff shall have **thirty (30) days** within which to furnish to the U.S. Marshal the required USM-285 forms with relevant information as to each Defendant on each form.
- Within **twenty (20) days** after receiving from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying which Defendant(s) were served and which were not served, if any. If Plaintiff wishes to have service again attempted on an unserved Defendant(s), then a motion must be filed with the Court identifying the unserved Defendant(s) and specifying a more detailed name and/or address for said Defendant(s), or whether some other manner of service should be attempted.
- Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the Defendants or counsel for the Defendants. The Court may disregard any paper received

by a district judge or magistrate judge which has not been filed with the clerk, and any paper received by a district judge, magistrate judge or the clerk which fails to include a certificate of service.

DATED THIS 22nd day of February 2019.

_____
UNITED STATES MAGISTRATE JUDGE