Jacob B. Lee
Nevada Bar No. 012428
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
Fax: (480) 420-1695
JLee@strucklove.com

Gina G. Winspear
Nevada Bar No. 005552
DENNETT WINSPEAR, LLP
3301 North Buffalo Drive, Suite 195
Las Vegas, Nevada 89129
Telephone: (702) 839-1100
Fax: (702) 839-1113
GWinspear@dennettwinspear.com

*Specially Appearing for Defendants Hininger,
Thomas, Marr, Fuller, Williams, and CoreCivic*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GEORGE L. VONTRESS,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEVADA, et al.,<br><br>Defendants. | Case No. 2:18-cv-01746-RFB-PAL<br><br>**NOTICE OF SPECIAL APPEARANCE ON BEHALF OF CORECIVIC DEFENDANTS AND MOTION TO CONTINUE DEADLINE TO RESPOND TO COMPLAINT** |

Defendants Hininger (incorrectly sued as Defendant Henninger), Thomas, Fuller, Williams, and CoreCivic (collectively, "CoreCivic Defendants"), through counsel, make a special appearance for the limited purpose of clarifying their deadline to respond to Plaintiff's Complaint.[1] On March 5, 2019, the Court entered Doc. 55, consisting of Process Receipt and

---

[1] As they have stated at each opportunity, by entering this special appearance, the CoreCivic Defendants do not consent to the jurisdiction of this Court over them or concede that this Court is the appropriate venue for resolution of the issues raised in the Complaint, which arise out of Plaintiff's incarceration at SCC in Eloy, Arizona. Nor do the CoreCivic Defendants waive any other defenses, objections, or arguments to the claims asserted in this matter, including but not limited to failure to serve. (*See* Doc. 34.)

3557765                                                                 - 1 -

Return Forms ("Process Receipts") filed by the United States Marshals Service ("USMS") regarding Defendants Hininger, Thomas, Fuller, Williams, and CoreCivic.[2] The docket text states that these Defendants are required to respond to Plaintiff's Complaint by February 15, 2019—nearly three weeks prior to the date the Process Receipts were returned and filed. The filing, however, appears to be in error.

A detailed procedural history of this matter through February 5, 2019 is set forth in the CoreCivic Defendants' Motion to Excuse Individually Named Defendants from the February 15, 2019 Early Mediation Conference. (Doc. 42.) For the sake of brevity, it will not be repeated here. For purposes of this Motion, it is sufficient that, on November 21, 2018, the Court issued its Screening Order, allowing claims to proceed against the CoreCivic Defendants, but staying the matter for 90 days to allow the parties to participate in the Inmate Early Mediation Program. (Doc. 34.) In the Screening Order, the Court ordered Plaintiff to serve the CoreCivic Defendants "for the limited purpose of engaging in settlement discussions during the 90-day stay," and ordered the CoreCivic Defendants to file a notice within 21 days of service advising the Court as to whether they would be entering a limited notice of appearance "for the purpose of settlement." (Id. at 23.) The Court explicitly stated that "[n]o defenses or objections, including lack of service, shall be waived as a result of the filing of the limited notice of appearance." (Id.)

In order to effect this limited service, the Court ordered the Clerk to (1) issue summonses for the CoreCivic Defendants and deliver them to USMS for service, and (2) send Plaintiff six Process Receipts. (Id. at 24.) The Court gave Plaintiff 30 days to fill out the Process Receipts and give them to the USMS for service. (Id.) The Court ordered Plaintiff to file a notice with the Court identifying which CoreCivic Defendants were served, and which were not (if any), within 20 days after receiving the completed Process Receipts from the USMS. (Id.) The Order further

---

[2] The Process Receipt regarding Defendant Marr states he was unable to be served, as he is no longer employed by CoreCivic. (Doc. 54.) As noted in the CoreCivic Defendants' Motion to Excuse Individually Named Defendants from the February 15, 2019 Early Mediation Conference, filed on February 5, 2019, counsel for the CoreCivic Defendants recently confirmed that they may accept service on behalf of Defendant Marr and will be representing him in this matter as well. (Doc. 42 at 3.)

3557765                                - 2 -

1    stated that, "[a]t the conclusion of the 90-day stay, if the parties proceed with this action, the
2    Court will then issue an order setting a date for Defendants Henninger [sic], Thomas, Marr,
3    Fuller, Williams, and CoreCivic to file an answer or other response." (Id. at 24.)

4    The Clerk issued the summonses on November 26, 2019. (Doc. 36.) On January 25, 2019,
5    the Court issued an Order Setting Inmate Early Mediation Conference. (Doc. 40.) USMS served
6    all of the CoreCivic Defendants but Defendant Marr that same day. (Doc. 42 at 3.) The CoreCivic
7    Defendants filed a Notice of Special Appearance on January 28, 2019, and participated in the
8    Inmate Early Mediation Program on February 15, 2019. (Doc. 41, 47, 49.)

9    The case did not settle. (Doc. 47, 49.) As such, the Court issued an Order on February 22,
10   2019 setting service procedures and deadlines for the various defendants. (Doc. 50.) Specifically,
11   the Court ordered the Clerk to (1) issue summonses for the CoreCivic Defendants and deliver
12   them to the USMS for service, and (2) send Plaintiff six Process Receipts. (Id. at 4.) The Court
13   gave Plaintiff 30 days to fill out the Process Receipts and give them to the USMS for service.
14   (Id.) The Court ordered Plaintiff to file a notice with the Court identifying which CoreCivic
15   Defendants were served, and which were not (if any), within 20 days after receiving the
16   completed Process Receipts from the USMS. (Id.)

17   On March 5, 2019, the USMS filed Process Receipts for Defendants Thomas, Fuller,
18   Williams, and CoreCivic. (Doc. 55.)[3] The Process Receipts appear to be the pre-Inmate Early
19   Mediation Conference receipts, as they indicate service occurred on January 25, 2019. (Id. at 1, 3,
20   5, 7, 9.) Indeed, the summonses included with the Process Receipts are dated November 26, 2018,
21   and have the November 26, 2018 CM/ECF stamp across the top. (Id. at 2, 4, 6, 8, 10.) Per the
22   Screening Order, these summonses and Process Receipts were issued for the limited purpose of
23   allowing the CoreCivic Defendants to participate in the Inmate Early Mediation Conference—
24   nothing more. (Doc. 34 at 23.)

25   To date, the CoreCivic Defendants have not been served with the updated summonses as
26   directed by the Court's February 22, 2019 Order, and the time for Plaintiff to return the Process

---

[3] As noted above, the Process Receipt filed that same day regarding Defendant Marr states he was unable to be served, as he is no longer employed by CoreCivic. (Doc. 54.)

3557765                                - 3 -

Receipt forms to the USMS for service has not yet expired. (Doc. 50.) As such, the March 5, 2019 docket text, requiring the CoreCivic Defendants (except for Defendant Marr) to respond to the Complaint by February 15, 2019 is premature, and appears to be in error to the extent it is based on the USMS's filing of the January 25, 2019 Process Receipts. (Doc. 55.) The CoreCivic Defendants therefore respectfully request that the docket text requiring them to respond to the Complaint by February 15, 2019 be withdrawn, and that their deadline to respond to the Complaint be continued to 21 days after service of the updated summonses occurs, pursuant to the Court's February 22, 2019 Order (Doc. 50) and Fed. R. Civ. P. 12(a)(1)(A)(i).

DATED this 6th day of March 2019.

        STRUCK LOVE BOJANOWSKI & ACEDO, PLC

By /s/ Jacob B. Lee
   Jacob B. Lee
   3100 West Ray Road, Suite 300
   Chandler, Arizona  85226
   JLee@strucklove.com

   Gina G. Winspear
   DENNETT WINSPEAR
   3301 North Buffalo Dr., Suite 195
   Las Vegas, NV 89129
   GWinspear@dennettwinspear.com

   *Specially Appearing for Defendants Hininger, Thomas, Marr, Fuller, Williams, and CoreCivic*

# CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

>Adam P. Laxalt
>Matthew Feeley
>Henry Kim
>State of Nevada
>Office of the Attorney General
>555 E. Washington Ave., Ste. 3900
>Las Vegas, Nevada 89101
>Email: usdcfilings@ag.nv.gov
>Email: mfeeley@ag.nv.gov
>Email: hkim@ag.nv.gov

*Specially Appearing Party*

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

>George Vontress (NDOC #96499)
>Saguaro Correctional Center
>1252 E. Arica Road
>Eloy, AZ 85131

*Plaintiff Pro Se*

/s/ Allen Rowley

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GEORGE L. VONTRESS, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF NEVADA, et al., <br><br> Defendants. | Case No. 2:18-cv-01746-RFB-PAL <br><br> **ORDER GRANTING CORECIVIC DEFENDANTS' MOTION TO CONTINUE DEADLINE TO RESPOND TO COMPLAINT** |

Upon consideration of the CoreCivic Defendants' Notice of Special Appearance and Motion to Continue Deadline to Respond to Complaint, and good cause appearing,

**IT IS HEREBY ORDERED** that the CoreCivic Defendants' Motion is GRANTED.

**IT IS FURTHER ORDERED** that the docket text in Doc. 55 requiring them to respond to the Complaint by February 15, 2019 is withdrawn, and that their deadline to respond to the Complaint be continued to 21 days after service of the updated summonses occurs, pursuant to this Court's February 22, 2019 Order (Doc. 50) and Fed. R. Civ. P. 12(a)(1)(A)(i).

DATED this 11th day of March, 2019.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

3558915

- 1 -