UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GEORGE L. VONTRESS, | Case No. 2:18-cv-01746-RFB-PAL |
| Plaintiff, | |
| v. | **ORDER** |
| THE STATE OF NEVADA, et al., | (Mots. Compel – ECF Nos. 52, 53, 57) |
| Defendants. | |

This matter is before the court on Plaintiff George L. Vontress' Motions to Compel Discovery (ECF Nos. 52, 53, 57). These Motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice. The court has considered the Motions, the Response (ECF No. 59) filed by Defendants Frank Dreesen, James Dzurenda, Dwight Neven, and Vontress' Reply (ECF No. 63).

**BACKGROUND**

Mr. Vontress is a pro se prisoner in the custody of the Nevada Department of Corrections ("NDOC") and currently housed at the Saguaro Correctional Center in Eloy, Arizona. He has received permission to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 and LSR 1-1 of the Local Rules of Practice. He commenced this action on in September 2018 by filing an IFP Application (ECF No. 1) and proposed complaint.[1] This case arises from Vontress' allegations, pursuant to 42 U.S.C. § 1983, regarding his treatment while he was incarcerated at the High Desert State Prison and Saguaro Correctional Center.

The court reviewed the Complaint (ECF No. 35) and determined that it states 12 plausible claims for: (1) due process violations against Defendant Lt. John Doe (portion of Count I);

---

[1] Vontress also filed Motions for Temporary Injunction and Preliminary Injunction (ECF Nos. 2, 3), which the district judge ultimately denied as moot. Min. Order in Chambers (ECF No. 33).

(2) deliberate indifference to serious medical needs against Defendant Lt. John Doe (Count II); (3) supervisory liability for administrative segregation due process against Defendant Nevens (portion of Count III); (4) deliberate indifference to serious medical needs against Defendant John Doe medical provider (Count IV); (5) conspiracy against Defendants Lt. John Doe and John Doe medical provider (Count V); (6) deliberate indifference to serious medical needs against Defendant Dr. Pena (Count VII); (7) deliberate indifference to serious medical needs against Defendant Gentry (Count VIII); (8) conspiracy against Defendants Gentry and Dr. Pena (portion of Count VIII); (9) retaliation and conspiracy against Defendants Gentry and Dreeson (portion of Count IX); (10) deliberate indifference to serious medical needs and conspiracy against Defendants Henninger,[2] CoreCivic, and Dzurenda (Count XI); (11) deliberate indifference to serious medical needs against Defendants Fuller, Williams, and Doe SCC medical staff (Count XII); and (12) deliberate indifference to serious medical needs against Defendants Fuller, Thomas, and Marr (Count XIII).[3] *See* Screening Order (ECF No. 34).

The court stayed the case for 90 days to allow the parties an opportunity to settle their dispute through the Inmate Early Mediation Program before the filing of an answer or starting the discovery process. *Id.*; *see also* Order Setting Inmate Early Mediation Conference (ECF No. 40). However, the parties did not reach a settlement and the case was returned to the normal litigation track. *See* Feb. 15, 2019 Mins. of Proceedings (ECF No. 47).

The court entered an Order (ECF No. 50) ("Service Order") instructing Mr. Vontress to perfect service within 90 days, which set a service deadline of May 24, 2019. In addition, the court directed electronic service of the Complaint on the Nevada Office of the Attorney General ("Attorney General") and instructed that a notice be filed with the court indicating the names of the defendants for whom the Attorney General accepts service, and those it does not. *Id.* With regard to Defendants Hininger, Thomas, Marr, Fuller, Williams, and CoreCivic, the court instructed that summonses be issued and ordered the U.S. Marshal to attempt service of process. *Id.*; Summonses (ECF No. 51).

---

[2] Defense counsel represents that Defendant Hininger was incorrectly sued as "Henninger." ECF No. 56.

[3] The claims against the "doe" defendants will proceed when Mr. Vontress learns their identities.

1    The Attorney General accepted service on behalf of Defendants Frank Dreesen, James

2    Dzurenda, Dwight Neven, and Dr. Rene Pena (collectively, "NDOC Defendants") on March 15,

3    2019. Notice Acceptance of Service (ECF No. 60). However, the Attorney General did not accept

4    service for Defendant Jo Gentry, but filed his last known address under seal as ordered. *See* Notice

5    of Sealed Submission (ECF No. 62); Sealed Submission of Last Known Address (ECF No. 61).

6    The NDOC Defendants' answers or responsive pleadings are due May 15, 2019. *See* Order

7    (ECF No. 50) at 4. Because no answers have been filed and many defendants remain unserved,[4]

8    no discovery plan and scheduling order has been entered.

9                                              **DISCUSSION**

10   Mr. Vontress has filed three motions (ECF Nos. 52, 53, 57) requesting court orders

11   compelling various defendants to produce discovery materials. The motions seek records such as

12   incident reports, disciplinary reports, emails, faxes, his medical records, and records of previous

13   litigation involving NDOC and CoreCivic. Vontress asserts this discovery is necessary for him to

14   successfully name and serve the unnamed defendants and prosecute his case. The motions were

15   filed between February 28 and March 8, 2019. At the time, no named defendant was served, no

16   answer was filed, and a discovery plan and scheduling order was not entered.

17   The NDOC Defendants filed a Response (ECF No. 59) to one motion, arguing that Mr.

18   Vontress' discovery requests are premature and improper as defendants had yet to file a notice of

19   acceptance of service or their answer and the court has not "issued a scheduling order signaling

20   commencement of discovery." *Id.* at 2. Vontress' Reply (ECF No. 63) states that he realizes

21   notice of acceptance of service has not been filed and that is "exactly Plaintiff's point." *Id.* at 2.

22   He wants to name and serve all defendants so that a notice of acceptance of service can be made

23   on behalf of all the defendants, and he needs the requested discovery to do so. With regard to the

24   NDOC Defendants argument that a motion to compel is not the proper vehicle for him to submit

25   discovery requests, he responds that "any vehicle Plaintiff decides to utilize, in order to get from

26

27   [4] To date, Mr. Vontress has not requested issuance of summons for Gentry. In addition, the Summonses
     (ECF No. 51) have not been executed for Defendants Hininger, Thomas, Marr, Fuller, Williams, and
     CoreCivic. *See* Order (ECF No. 58). The court therefore addressed the status of service in a separate order
28   entered today.

3

point A to point B, and for which this noble court is willing to construe. is adequate." *Id.* Thus, he asks the court to compel the requested discovery.

Pursuant to the Federal Rules of Civil Procedure and Local Rules of Civil Practice of this district, filing a motion with the court is not the proper procedure for requesting written discovery materials from a party.[5] Once the court enters a scheduling order, the parties are permitted to engage in discovery. *See* Fed. R. Civ. P. 16. In prisoner civil rights actions, the court will enter a scheduling order within 30 days after any defendant files an answer. LR 16-1(b). All discovery requests must be served *directly on opposing parties*, who then have 30 days to respond. Fed. R. Civ. P. 34. The Local Rules also state:

> Unless the court orders otherwise, written discovery, including discovery requests, discovery responses, deposition notices, and deposition transcripts, must not be filed with the court. Originals of responses to written discovery requests must be served on the party who served the discovery request, and that party must make the originals available at the pretrial hearing, at trial, or when ordered by the court ….

LR 26-8.

A motion to compel discovery materials may only be filed when a discovery request has been timely served, the opposing party has not responded or has inadequately responded, and the moving party has attempted in good faith to resolve any dispute about the adequacy of the discovery responses without the court's intervention. Fed. R. Civ. P. 37(a); LR 26-7. Additionally, "All motions to compel discovery or for protective order must set forth in full the text of the discovery originally sought and any response to it." LR 26-7(b).

The Local Rules state that discovery motions will not be considered unless the movant (1) has made a good-faith effort to meet and confer before filing the motion, and (2) includes a declaration with the details and results of the parties' meet-and-confer conference about each disputed discovery request. LR 26-7(c). The "meet and confer" process requires the parties "to communicate directly and discuss in good faith the issues required under the particular rule or court order." LR IA 1-3(f). This "meet and confer" requirement applies to all parties. *Id.* Unless a court order provides otherwise, "this requirement may only be satisfied through direct dialogue

---

[5] All references to a "Rule" or the "Federal Rules" in this Order refer to the Federal Rules of Civil Procedure.

1   and discussion in a face-to-face meeting, telephone conference, or video conference." *Id*. The

2   exchange of written, electronic, or voice-mail communications do not satisfy the "meet and confer"

3   requirement. *Id*.

4   Mr. Vontress' motions to compel are denied for several reasons. First, the court has not

5   yet entered a discovery plan and scheduling order in this case because no defendant has filed an

6   answer to the complaint. Thus, the time period for discovery has not started. Second, many of the

7   named defendants in this case have not yet been served. The defendants are not required to file an

8   answer until they are properly served. *See* Order (ECF No. 58). Unless and until service is

9   complete, those defendants are not parties to this case. Written discovery requests to produce

10  documents, electronically stored information, and tangible things pursuant to Rule 34 may only be

11  served on parties. Fed. R. Civ. P. 34(a) ("A party may serve on *any other party* a request within

12  the scope of Rule 26(b)….") (emphasis added). Third, Vontress' motions do not attach the "full

13  the text of the discovery originally sought and any response to it." LR 26-7(b). The motions

14  clearly indicate that Vontress sought the court's intervention before serving his written discovery

15  requests and waiting for the defendants' response. Lastly, the motions do not show that he

16  complied with the meet and confer requirement imposed by Rule 37(a) and the Local Rules.

17  Where one of the parties is a prisoner, the court does not require in-person meetings and allows

18  the prisoner and defense counsel to meet and confer by telephone or by exchanging letters.

19  Although the format of the meet-and-confer process changes, the substantive requirement remains

20  the same—the parties must engage in a good faith effort to meet and confer to resolve the dispute

21  before filing a motion to compel seeking court intervention.

22  The court appreciates that it is difficult for pro se parties to litigate their claims, and that

23  Mr. Vontress is seeking discovery in order to identify the unnamed defendants, complete service,

24  and prosecute his case. However, Vontress may not decide to utilize any vehicle he wants to

25  accomplish his goals. Rather, he must follow the Federal Rules and Local Rules the same as any

26  other litigant or attorney. *E.g.*, *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (noting that "*pro*

27  *se* litigants are bound by the rules of procedure"); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986)

28  (noting that a pro se litigant must follow the same rules of procedure that govern other litigants).

Mr. Vontress should carefully review the discovery rules contained in Rules 26–36 of the Federal Rules and the Local Rules of Practice to ensure he follows the appropriate procedures. The court will enter a discovery plan and scheduling order in the normal course.

Accordingly,

**IT IS ORDERED:** Plaintiff George L. Vontress' Motions to Compel Discovery (ECF Nos. 52, 53, 57) are **DENIED**.

Dated this 22nd day of April 2019.


_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE