UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

GEORGE L. VONTRESS,

Plaintiff,

v.

THE STATE OF NEVADA, et al.,

Defendants.

Case No. 2:18-cv-01746-RFB-PAL

**ORDER**

This case is before the court on a review of the docket as to service of process. This review is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

## **BACKGROUND**

Plaintiff George L. Vontress is a pro se prisoner in the custody of the Nevada Department of Corrections ("NDOC") and currently housed at the Saguaro Correctional Center in Eloy, Arizona. This case arises from his allegations, pursuant to 42 U.S.C. § 1983, regarding his treatment while he was incarcerated at the High Desert State Prison and the Saguaro Correctional Center. The court reviewed the Complaint (ECF No. 35) and determined that it states 12 plausible claims. *See* Nov. 21, 2018 Screening Order (ECF No. 34). Mr. Vontress' claims are alleged against 12 named defendants (Dreesen, Dzurenda, Gentry, Neven, Pena, Gentry, Marr, Hininger,[1] Thomas, Fuller, Williams, and CoreCivic) and at least three unnamed defendants ("Lt. John Doe," "John Doe medical provider," and "Doe SCC medical staff"). The Screening Order states that the claims against the "doe" defendants will proceed when Vontress learns their identities.

The court stayed the case for 90 days to allow the parties an opportunity to settle their dispute through the Inmate Early Mediation Program before the filing of an answer or starting the

---
[1] Defense counsel represents that Defendant Hininger was incorrectly sued as "Henninger." ECF No. 56.

1

discovery process. *Id.*; *see also* Order Setting Inmate Early Mediation Conference (ECF No. 40). The Clerk of Court issued Summonses (ECF No. 36) ("Limited Purpose Summonses") to Defendants Henninger, Thomas, Marr, Fuller, Williams, and CoreCivic for "the limited purpose of engaging in settlement discussions during the 90-day stay." Screening Order (ECF No. 34). Service of the Limited Purpose Summonses was attempted and/or accomplished by the U.S. Marshal ("USM") in December 2018 and January 2019. USM Return Unexecuted (ECF No. 54) (Def. Marr); USM Return Executed (ECF No. 55) (Defs. CoreCivic, Hininger, Thomas, Fuller, Williams). These USM-285 return forms were filed in early March 2019. *Id.*

The parties did not reach a settlement during the Inmate Early Mediation Conference held on February 15, 2019. *See* Mins. of Proceedings (ECF No. 47). One week later, the court entered an Order (ECF No. 50) ("Service Order") instructing Vontress to perfect service within 90 days, which set a service deadline of May 24, 2019. In addition, the Service Order directed electronic service of the Complaint on the Nevada Office of the Attorney General ("Attorney General") and instructed that a notice be filed with the court indicating the names of the defendants for whom the Attorney General accepts service, and those it does not. *Id.* Mr. Vontress was informed, "If service cannot be accepted [by the Attorney General] for any of the named defendant(s), Plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s)." *Id.* at 3.

The Attorney General accepted service on behalf of Defendants Dreesen, Dzurenda, Neven, and Pena (collectively, "NDOC Defendants") on March 15, 2019. *See* Notice Acceptance of Service (ECF No. 60). However, the Attorney General did not accept service for Defendant Gentry, but filed his known address under seal as ordered. *See* Notice of Sealed Submission (ECF No. 62); Sealed Submission of Last Known Address (ECF No. 61). To date, Mr. Vontress has not requested that summons be issued to Gentry.

To complete service of process for the other defendants, the Service Order directed the Clerk of Court to issue *new* summons for Defendants Hininger, Thomas, Marr, Fuller, Williams, and CoreCivic. Service Order (ECF No. 50); Summons (ECF No. 51). The Clerk of Court was also instructed to send Mr. Vontress six (6) blank USM-285 forms. Service Order (ECF No. 50)

at 4. The Service Order gave Vontress 30 days, *i.e.*, until March 25, 2019, in which to provide the USM with the relevant information to serve each defendant on each form. *Id*. If the USM was unable to serve a new summons to any defendant(s) and Vontress wished to have service again attempted on the unserved defendant(s), the Service Order instructed him to file a motion "identifying the unserved defendant(s) and specifying a more detailed name and/or address for said defendant(s), or whether some other manner of service should be attempted." *Id*.

**DISCUSSION**

The USM-285 returns of the Limited Purpose Summonses were filed on March 4, 2019. USM Return Unexecuted (ECF No. 54);[2] USM Return Executed (ECF No. 55). Due to a clerical error in the clerk's office, the docket text for these USM-285 returns initially indicated that service was complete for Defendants CoreCivic, Hininger, Thomas, Fuller, and Williams ("CoreCivic Defendants"), and their answers were overdue. This error was brought to the court's attention by the CoreCivic Defendants in their Motion to Continue Deadline to Respond to Complaint (ECF No. 56). The court reviewed the filings and determined that the USM-285 returns (ECF Nos. 54, 55) are for the Limited Purpose Summonses (ECF No. 36) issued in November 2018—not the new Summonses (ECF No. 51) issued in February 2019 for the purpose of completing service. The court therefore entered an Order (ECF No. 58) on March 11, 2019, setting the CoreCivic Defendants' deadline to respond to the complaint 21 days after service of the new summonses.

The Service Order set a deadline of May 24, 2019, for service of process, and instructed Mr. Vontress to mail new USM-285 forms for the new Summonses (ECF No. 51) by March 25, 2019. To date, the new summonses have not been served on the CoreCivic Defendants or Defendant Marr. The court contacted the USM for a status report and was informed that it has not received new USM-285 forms from Mr. Vontress. Given the clerical error regarding the USM-285 returns of the Limited Purpose Summonses, the court will briefly extend the service deadline under to Rule 4(m) of the Federal Rules of Civil Procedure until **June 24, 2019.**

However, Mr. Vontress is advised that he is ultimately responsible for providing the USM

---

[2] The unexecuted USM-285 return states that Defendant Marr was not served because he no longer works for CoreCivic. ECF No. 54. Defense counsel confirmed this fact in the subsequent motion. ECF No. 58 at 3 n.3.

3

with information necessary to locate each defendant to be served. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *abrogated on other grounds*, *Sandin v. Conner*, 515 U.S. 472 (1995). Although the USM will serve an incarcerated plaintiff's summons and complaint upon order of the court, they will not attempt to do so unless and until the USM-285 forms are received. If Mr. Vontress fails to complete service by the new deadline, any unserved defendant(s) may be dismissed from this action without prejudice. *See* Fed. R. Civ. P. 4(m); *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007).

To expedite resolution of this case on the merits, the court will direct that counsel for the CoreCivic Defendants investigate and provide to the court *under seal* the full name of Defendant "D. Marr" along with a last known address and telephone number, if known after reasonable inquiry.[3] Filing the information under seal will protect Defendant Marr's confidential personal identification and location information but provide the USM with the information needed for service. Counsel for the CoreCivic Defendants will also be required to file a notice on the public docket stating that they have complied with this Order.

The court further notes that Mr. Vontress has not moved for issuance of summons to Defendant Gentry. If Vontress intends to move forward with his claim against Gentry, he must file a motion requesting issuance of summons by **May 14, 2019**.

The Clerk of Court shall mail Mr. Vontress seven (7) blank USM-285 forms along with instructions for completing the forms. The court will not impose a specific deadline for him to provide the USM-285 forms to the USM; however, he is advised that the USM must be given at least 14 working days for service. Vontress must mail the USM a completed USM-285 Form for *each defendant*, including the relevant information for that individual. For Defendants Marr and Gentry, Mr. Vontress will leave the address and telephone number blank and the USM will obtain the information from the sealed filings. If the USM is unable to serve any defendant(s) and Vontress wishes to have service attempted again, he must file a timely motion specifying a more detailed name and/or address for that defendant(s), or whether some other manner of service should

---

[3] Defendant Marr was allegedly employed by CoreCivic at the Saguaro Correctional Center as a health services administrator. *See* Screening Order (ECF No. 34) at 3.

4

be attempted. Pursuant to Rule 4(m), Mr. Vontress' failure to comply with this Order by completing service by **June 24, 2019**, will result in a recommendation to the district judge that any unserved defendant be dismissed without prejudice.

Accordingly,

**IT IS ORDERED:**

1. The Clerk of Court shall MAIL Plaintiff George L. Vontress seven (7) blank USM-285 forms along with instructions and a copy of this Order.

2. With regard to **Defendants CoreCivic, Hininger, Thomas, Fuller, and Williams**:

    a. The CoreCivic Defendants SHALL FILE NOTICE *UNDER SEAL* by **May 7, 2019**, providing the full name of CoreCivic's former employee, Defendant D. Marr, along with a last known address and telephone number, if available, to facilitate service of the Complaint.

    b. The CoreCivic Defendants SHALL FILE NOTICE *on the public docket* by **May 7, 2019**, stating that they have complied with this Order.

3. With regard to **Plaintiff George L. Vontress**:

    a. If Mr. Vontress intends to move forward with his claim against Defendant Jo Gentry, he must file a motion requesting issuance of summons by **May 14, 2019**.

    b. Mr. Vontress must complete a USM-285 form for *each defendant*, including the relevant information for that individual. For Defendants Marr and Gentry, he will leave the address and telephone number blank. The forms must be mailed directly to the USM and received no later than **June 4, 2019**.[4]

    c. If the USM is unable to serve any defendant(s) and Mr. Vontress wishes to have service attempted again, he must timely file a motion specifying a more detailed name and/or address for defendant(s), or whether some other manner of service should be attempted.

---

[4] The mailing address to send the USM-285 forms is:

U.S. Marshal Service
333 Las Vegas Blvd. South, Suite 2058
Las Vegas, NV 89101

5

d. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the deadline for Mr. Vontress to complete service is extended until **June 24, 2019**.

e. Mr. Vontress must comply with this Order by completing service on or before **June 24, 2019**, and his failure to complete service by the deadline will result in a recommendation to the district judge that any unserved defendant be dismissed without prejudice.

4. With regard to the **U.S. Marshal Service**:

    a. Upon receipt of Mr. Vontress' USM-285 form(s), the USM shall attempt service on Defendants CoreCivic, Hininger, Thomas, Fuller, Williams, Marr, and Gentry.

    b. For Defendants Marr and Gentry, the USM shall attempt service at the addresses listed in the sealed filings.

    c. The USM shall file notice with the court indicating whether each defendant was served. Return forms for Defendants Marr and Gentry shall be redacted so that their addresses and telephone numbers are not made publicly available.

Dated this 22nd day of April 2019.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE