# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GEORGE L. VONTRESS | Case No. 2:18-cv-01746-RFB-PAL |
| Plaintiff, | ORDER |
| v. | |
| STATE OF NEVADA, *et al.*, | |
| Defendants. | |

Before the Court are the following motions: Plaintiff's Request for Judicial Clarification (ECF No. 38); Plaintiff's Motion Requesting Emergency Preliminary Injunction / Temporary Restraining Order (ECF Nos. 64 ,65); Plaintiff's Motion to Request to File Exhibit-A Under Seal (ECF No. 66); Plaintiff's Renewed Request for Emergency Hearing Re: Preliminary Injunction / T.R.O. (ECF No. 76); Plaintiff's Motion to Declare Dire Urgency and Necessity for Emergency Hearing; Preliminary Injunction / T.R.O (ECF Nos. 83, 84); Defendants' Motion to Dismiss or, Alternatively, Motion to Transfer Venue (ECF No. 85); Defendants' Motion to Stay Discovery Pending Resolution of Motion to Dismiss (ECF No. 86); Plaintiff's Motion Requesting Immediate Transfer Back to Nevada, For Good Cause (ECF No. 89); Plaintiff's Motion to Request Sanctions be Imposed (ECF No. 91); and Plaintiff's Request for Leave to File Judicial Notice on Reverse Side of Facility Forms, Due to Placement in Segregation and Confiscation and Refusal to Return Necessary Legal Materials, Files and Records (ECF Nos. 92).

Defendants CoreCivic, Fuller, Hininger, Marr, Thomas, and Williams ("CoreCivic Defendants") move the Court to dismiss Plaintiff's claims against them for lack of personal jurisdiction. Because the question of personal jurisdiction "goes to the court's power to exercise control over the parties," the Court will resolve this issue before reaching considerations of venue,

failure to state a claim, and Plaintiffs' requests for preliminary injunctive relief. <u>Leroy v. Great W. United Corp.</u>, 443 U.S. 173, 180 (1979).

A plaintiff bears the burden of establishing personal jurisdiction. <u>Tuazon v. R.J. Reynolds Tobacco Co.</u>, 433 F.3d 1163, 1168 (9th Cir. 2006). When, as here, the Court resolves the motion to dismiss based only on written submissions, a plaintiff must make a prima facie showing of facts that would support personal jurisdiction. <u>Id.</u> That is, Plaintiffs "need only demonstrate facts that if true would support jurisdiction." Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir.1995).

To establish that personal jurisdiction over a defendant is proper, a plaintiff must show (1) that the forum state's long-arm statute confers personal jurisdiction and (2) that the exercise of jurisdiction comports with the constitutional principles of due process. <u>Rio Properties, Inc. v. Rio Int'l Interlink</u>, 284 F.3d 1007, 1019 (9th Cir.2002). Because Nev. Rev. Stat. section 14.065 permits Nevada courts to exercise jurisdiction to the same extent as the Constitution, this Court need only consider the constitutional principles of due process. <u>Walden v. Fiore</u>, 134 S. Ct. 1115, 1121 (2014).

Over an entity, a court may exercise general personal jurisdiction in a state where the entity is incorporated or has its principal place of business. <u>Daimler AG v. Bauman</u>, 571 U.S. 117, 138–39 (2014). Over an individual, a court may exercise general personal jurisdiction in a state where the person is domiciled. <u>Milliken v. Meyer</u>, 311 U.S. 457, 462–64 (1940). CoreCivic represents that it is not incorporated in Nevada, that its principal place of business is not located in Nevada, and that none of the individual CoreCivic Defendants reside in Nevada.

Specific personal jurisdiction is analyzed pursuant to the following three-prong test:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

<u>Schwarzenegger v. Fred Martin Motor Co.</u>, 374 F.3d 797, 802 (9th Cir. 2004).

While it is undisputed that the Nevada Department of Corrections contracts with CoreCivic to detain inmates, including Plaintiff, at Saguaro Correctional Center, the Court does not currently have this contract on record. The Court requires a copy of this contract to undergo its jurisdictional analysis.

Therefore,

**IT IS ORDERED** that, by June 24, 2019, CoreCivic file with the Court (1) a copy of its contract governing the detention of Nevada Department of Corrections inmates and (2) any bid submitted to obtain the contract or any proposal submitted to expand existing services to include the contracted services.

**IT IS FURTHER ORDERED** that Defendants' Motion to Stay Discovery Pending Resolution of Motion to Dismiss (ECF No. 86) is GRANTED. With the exception of the jurisdictional discovery ordered by this Court, discovery in this case is stayed until the Court issues an order deciding Defendants' Motion to Dismiss or, Alternatively, Motion to Transfer Venue (ECF No. 85).

DATED: June 17, 2019.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**