**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

GEORGE L. VONTRESS,          )
                                    )
                Plaintiff,     )
                                    )
vs.                                    )
                                    )
STATE OF NEVADA, et al.,      )
                                    )
                Defendants.   )

Case No. 2:18-cv-01746-RFB-BNW

**<u>SCHEDULING ORDER</u>**

Under Federal Rule of Civil Procedure (Fed. R. Civ. P.) 16(b) and Local Rule (LR) 16-1, this Scheduling Order must be filed and served by the Clerk of Court on the parties or their counsel, if there is counsel of record.  When the term "counsel" is used in this Scheduling Order, it includes any and all parties appearing pro se.

**IT IS HEREBY ORDERED:**

1.     Any and all pleadings that may be brought under Fed. R. Civ. P. 13 and 14, or joining additional parties under Fed. R. Civ. P. 19 and 20, must be filed within **60 days** from the date of this Order, which is **April 25, 2020**.  Any party causing additional parties to be joined or brought into this action must contemporaneously serve a copy of this Order on the new party or parties.

2.     Amendments to pleadings as provided for under Fed. R. Civ. P. 15, if they are allowed without leave of Court, or motions for leave to amend, must comply with LR 15-1 and must be filed and served within **60 days** from the date of this Order, which is **April 25, 2020**.

3.     **DISCOVERY:**

     (a)     Under LR 16-1(b), discovery in this action must be completed within **90 days** from the date of this Order, which is **May 25, 2020.**

(b)    Under Fed. R. Civ. P. 33 (a)(1), unless otherwise stipulated by the parties or ordered by the Court, a party may serve on any other party no more than 25 written interrogatories, including discreet subparts.

(c)    Under LR 26-8, unless otherwise ordered by the Court, written discovery, including responses to written discovery, certificates of service pertaining to written discovery, and deposition transcripts must **not** be filed with the Court unless they are submitted in support of or in response to a motion.  Originals of responses to written discovery requests must be served on the party who served the discovery request and that party must make the originals available at the pretrial hearing, at trial, or when ordered by the Court.  Likewise, the deposing party must make the original transcript of a deposition available at any pretrial hearing, at trial, or when ordered by the Court.

4.    **EXTENSIONS OF DISCOVERY:** Under LR 26-4, an extension of the discovery deadline will not be allowed without a showing of good cause.  All motions or stipulations to extend discovery must be received by the Court at least **21 days** before the expiration of the subject deadline.  The motion or stipulation must include:

(a)    A statement specifying the discovery completed by the parties as of the date of the motion or stipulation;

(b)    A specific description of the discovery that remains to be completed;

(c)    The reasons why such remaining discovery was not completed within the time limit of the existing discovery deadline; and

(d)    A proposed schedule for the completion of all remaining discovery.

5.    **DISCOVERY MOTIONS:**

(a)    Discovery motions must be filed and served no later than **June 8, 2020.**

(b)    Before filing a discovery motion, the parties must first undertake a good faith effort to resolve any dispute among the parties.  The parties are further advised that:

(1) Fed. R. Civ. P. 37(a)(1) mandates that any discovery motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court

order"; and that,

(2) Local Rule 26-7(b) states that a discovery motion "will not be considered unless a statement of the movant is attached certifying that, after personal consultation and sincere effort to do so, the parties have been unable to resolve the matter without court action."

These two rules apply to any inmate civil right action brought under 42 U.S.C. § 1983. While the Court recognizes an inmate might not be able to meet personally with opposing counsel, nevertheless an inmate will still be required to attempt to resolve any discovery dispute either by a telephone consultation or a written communication whereby the inmate sincerely attempted to resolve the discovery dispute.

(c)    Text of Discovery Materials in Dispute

Local Rule 26-7(a) requires that all motions to compel discovery or for protective order must set forth in full the text of the discovery originally sought and the responses thereto, if any. The Court prefers that the actual discovery response which is the subject of a discovery dispute be submitted to the Court.

6.    Motions for summary judgment must comply with the requirements of LR 56-1 and must be filed and served no later than **30 days after the close of discovery**, which is **June 24, 2020.**

7.    No motion filed beyond the time limit fixed by this Scheduling Order will be considered by the Court unless the Court grants an exception for good cause shown.

8.    If the Federal Rules of Civil Procedure provide for any shorter time periods for the filing of motions or pleadings, the shorter time limits will apply notwithstanding the time limits set in this Scheduling Order.  Under the authority given to the Court in Fed. R. Civ. P. 16(b), motions for summary judgment under Fed. R. Civ. P. 56 must be filed no later than the time provided in paragraph 6 of this Order.

9.    **PRETRIAL:**  Pursuant to LR 16-3(a), the parties must file a Joint Pretrial Order **30 days** after the date for filing motions for summary judgment.  If dispositive motions are filed, the date for filing the joint pretrial order will be suspended until 30 days after a decision on the dispositive motions or until further order of the Court.

10.    Any party who seeks to amend this Scheduling Order must file and serve a motion,

3

not later than **21 days** before the deadline for which the party seeks amendment, stating the proposed amendments and the reasons for the amendments.  After expiration of the 21-day period, any amendment of this Scheduling Order will be granted only upon a showing of good cause and excusable neglect.

DATED: February 24, 2020.

_____
**Brenda Weksler**
**United States Magistrate Judge**