1

2

3                    **UNITED STATES DISTRICT COURT**

4                          **DISTRICT OF NEVADA**

5                                   * * *

6   GEORGE L. VONTRESS,                      Case No. 2:18-cv-1746-RFB-BNW

7                     Plaintiff,
                                             **ORDER**
8           v.

9   STATE OF NEVADA, et al.,

10                    Defendants.

11

12          Presently before the court are plaintiff George Vontress's motions to compel (ECF No.

13   111), extend copying rights (ECF No. 117), extend discovery (ECF No. 118), substitute

14   defendant's true name (ECF No. 124), for leave to effect service of process (ECF No. 125), and a

15   motion to compel (ECF No. 129).

16   **I.     Background.**

17          Vontress is an inmate in the custody of the Nevada Department of Corrections ("NDOC").

18   (ECF No. 1-1.)  He initiated this matter with a civil rights complaint filed pursuant to 42 U.S.C.

19   § 1983.  (*Id.*)  Vontress alleges that defendants violated his rights under the First, Eighth, and

20   Fourteenth Amendments to the United States Constitution.  (*Id.*)  His complaint survived

21   screening and a motion to dismiss (ECF No. 34 and 127), and it remains the operative complaint

22   in this matter.  (ECF No. 35.)

23          Nevada's Office of the Attorney General accepted service on behalf of defendants Frank

24   Dreeson, James Dzurenda, Dwight Neven, and Dr. Rene Pena (the "NDOC defendants").  (ECF

25   No. 60.)  The Attorney General declined to accept service on behalf of defendant Jo Gentry and,

26   instead, filed his address under seal.  (ECF No. 61.)  Defendants Damien Henninger, T. Thomas,

27   C. Fuller, Rachael Williams, and CoreCivic (the "CoreCivic defendants") appeared through

28

1  counsel on October 15, 2019.  (ECF No. 134.)  Defendant D. Marr has not been served and he has

2  not otherwise submitted to this Court's jurisdiction.  (ECF No. 79.)[1]

3  The Court entered a scheduling order on May 29, 2019.  (ECF No. 81.)  Less than one

4  week later, the CoreCivic defendants moved to stay discovery.  (ECF No. 86.)  On June 17, 2019,

5  the district judge granted the CoreCivic defendants' motion and stayed all discovery, except for

6  jurisdictional discovery, until the district judge could resolve the CoreCivic defendants' then-

7  pending motion to dismiss.  (ECF No. 97.)  The stay on discovery was lifted on September 28,

8  2019, when the district judge granted in part and denied in part the CoreCivic defendants' motion

9  to dismiss.  (ECF No. 127.)[2]

10  Four of Vontress's motions are unopposed. Vontress filed his motion to compel on July

11  29, 2019, to extend copy work on August 28, 2019, and to substitute defendant's true name and

12  effect service of process on September 20, 2019.  (ECF No. 111, 117, 124, and 125.)

13  Defendants oppose Vontress's two remaining motions.  Vontress filed his motion to

14  extend discovery on August 28, 2019, and the CoreCivic defendants filed a response on

15  September 11, 2019.  (ECF Nos. 118 and 119.)  The NDOC defendants joined the CoreCivic

16  defendants' response, and Vontress filed his reply on September 20, 2019.  (ECF Nos. 120 and

17  123.)  On October 9, 2019, Vontress filed his motion for leave to file a motion to compel.  (ECF

18  No. 129.)  The NDOC defendants responded on October 23, 2019, and Vontress filed his reply on

19  November 12, 2019.  (ECF Nos. 137 and 142.)

20

21

22  [1]  Marr has made special limited appearances through counsel, mostly pursuant to court order.  (ECF No. 41 and 56.)

23  [2]  Although the CoreCivic defendants are the only parties to have moved for the discovery
stay, the language in the district judge's order encompasses a stay as to all parties.  The NDOC defendants
24  seemingly agree because they opposed Vontress's motion for an extension of discovery by joining in the
CoreCivic defendants' argument that an extension was unnecessary in light of the Court's discovery stay.
25  (ECF No. 120; ECF No. 119 1:22–1:25.)

26  Further, the Court recognizes that in the district judge's order resolving the CoreCivic
defendants' motion to dismiss, the district judge "denied" as moot the CoreCivic defendants' motion for a
27  stay given the resolution of the motion to dismiss. Nevertheless, the record is clear that the district judge
did previously grant the stay of discovery.  (ECF No. 127 and 97.)  Thus, the discovery stay remained
28  operative until September 28, 2019, and the Court will treat it as such.

1   **II.     Discussion.**

2
        **A.     Motion to compel (ECF No. 111) and for leave to file motion to compel (ECF
3             No. 129).**

4           The Court will consider Vontress's motion to compel and motion for leave together

5   because they seek the same relief and relate to the same discovery requests.  Further, pro se

6   filings, including motion papers, must be liberally construed.  *Newman v. Ventura Cnty.*, No. CV

7   09-4160-JVS (PLA), 2011 WL 1630405, at *4 n.3 (C.D. Cal. Mar. 15, 2011) (citing *Erickson v.*

8   *Pardus*, 551 U.S. 89, 94 (2007)).  Vontress seeks to compel the NDOC defendants to provide

9   thirteen categories of items that he alleges are necessary to litigate his claims.  (ECF No. 111 at

10  1.)  Vontress asserts that the NDOC defendants have ignored both of his good-faith requests for

11  these documents.  (*Id.*)  Vontress made his requests via mail on or around July 6 and July 28,

12  2019.  (ECF No. 129-1 at 1.)

13          Conversely, the NDOC defendants argue that Vontress's motion for leave should be

14  denied because it is untimely under the Court's scheduling order.  (ECF No. 137 at 2.)

15  Alternatively, the NDOC defendants argue that the Court has previously denied another of

16  Vontress's motions to compel, and that the motion for leave does not offer any new information

17  or argument.  (*Id.* at 3.)

18          A motion to compel discovery is appropriate only once the moving party has attempted—

19  in good faith and without the court's intervention—to resolve any dispute about the adequacy of

20  discovery responses.  FED. R. CIV. P. 37(a); LR 26-7(b).  The motion "must set forth in full the

21  text of the discovery originally sought and any response to it" and it must include "a declaration

22  setting forth the details and results of the meet-and-confer conference[.]"  LR 26-7(b)–(c).  The

23  meet-and-confer process typically requires a face-to-face meeting or telephonic conference, but

24  an incarcerated pro se litigant is permitted to meet and confer "through written communication."

25  LR IA 1-3(f).

26          The Court will deny Vontress's motions because his discovery requests were improper in

27  light of the Court's discovery stay.  The stay took place between June 17 and September 28,

28  2019, and Vontress made his discovery requests during that period.  The district judge excepted

1    jurisdictional discovery from the stay, but it does not appear to the Court—and Vontress does not

2    assert—that Vontress's requests fall into that exception. The Court will not compel the NDOC

3    defendants to comply with a discovery request that Vontress made in violation of the district

4    judge's order staying discovery. If Vontress still desires the requested documents from the

5    NDOC defendants, he must propound his requests in accordance within the discovery parameters

6    set by the district judge. Therefore, the Court will deny Vontress's motion to compel and his

7    motion for leave to file a motion to compel.

8               **B.**       **Scheduling order and motion to extend discovery (ECF No. 118).**

9         Discovery in this case is governed "by the entry of an order establishing a briefing

10   schedule and other appropriate matters." LR 16-1(c)(3); *see also* LR 16-1(b). To that end, trial

11   courts enjoy broad authority to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th

12   Cir. 1988). Here, discovery was open for less than three weeks before the district judge issued a

13   discovery stay. (ECF No. 81 and 97.) Although the stay was lifted in September 2019, no new

14   scheduling order was entered and the parties have been without a discovery schedule since that

15   time. Therefore, the Court finds it appropriate to impose a new scheduling order, which it will

16   issue immediately following this order.

17         Vontress moved to extend the time for discovery. (ECF No. 118.) He argued that the

18   extension was necessary because he had difficulty receiving mail while being transferred from an

19   Arizona correctional facility to the NDOC and he required more time to address the NDOC

20   defendants' deficient discovery responses. (*Id.* at 1.) Both the CoreCivic defendants and the

21   NDOC defendants argued that at the time that Vontress filed his motion, a discovery extension

22   was unnecessary because the discovery stay was in place. (ECF No. 119 at 1; ECF No. 120.)

23   Vontress replied that the discovery stay applied only to the CoreCivic defendants and not the

24   NDOC defendants. (ECF No. 123 at 1.)

25         The Court agrees with defendants. Vontress's motion for a discovery extension was

26   improper because the discovery stay remained in place. Additionally, as discussed above, the

27   district judge's discovery stay was not limited to the CoreCivic defendants. However, because

28   the Court will be issuing a new scheduling order, the Court will deny Vontress's motion to extend

1 discovery as moot.  Vontress is instructed to consult the forthcoming scheduling order to learn the

2 new discovery deadlines.

3         **C.**      **Motion to substitute defendant's true name (ECF No. 124).**

4         Vontress moves to "substitute defendant Lt. John Doe with his true identity." (ECF No.

5 124 at 1.)  Vontress sued Lt. John Doe in his individual and official capacities. (ECF No. 35 at

6 5.)  The district judge screened Vontress's three claims against Lt. John Doe and held that those

7 claims were cognizable and could proceed once Vontress learned Lt. John Doe's real name.

8 (ECF No. 34 at 9:14–9:23, 11:1–11:8, 13:12–13:20).  Now, Vontress desires to substitute Lt. John

9 Doe with "Edward Provencal."

10         Generally, a plaintiff may amend his complaint once "as a matter of course" within

11 twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or

12 motion under Rule 12(b), (e), or (f).  FED. R. CIV. P. 15(a)(1).  Otherwise, "a party may amend its

13 pleading only with the opposing party's written consent or the court's leave."  FED. R. CIV. P.

14 15(a)(2).  "The court should freely give leave when justice so requires."  *Id.*; *Foman v. Davis*, 371

15 U.S. 178, 182 (1962).  This policy must be applied "with extreme liberality."  *Eminence Capital,*

16 *LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).  "The court considers five factors in

17 assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing

18 party, futility of amendment, and whether the plaintiff has previously amended the complaint."

19 *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).

20         The Court will grant Vontress's motion.  None of the five factors mandate denial of leave

21 to amend.  Discovery has not closed, the district judge has already found that Vontress's claims

22 against Lt. John Doe are cognizable, and this amendment would be Vontress's first since filing

23 his complaint.  Further, the nascent stage of these proceedings means that Provencal will not be

24 prejudiced by the amendment, and it does not appear that Vontress moves in bad faith or with

25 undue delay.  Therefore, Vontress may amend his complaint to substitute Edward Provencal for

26 Lt. John Doe, but he must do so by March 9, 2020.

27

28

**D.     Motion to effect service of process (ECF No. 125).**

Vontress requests that the Court serve Provencal with a summons and complaint. When a party proceeds in forma pauperis, the Court "shall issue and serve all process." 28 U.S.C. § 1915(d); *Puett v. Blandford*, 912 F.2d 270, 273 (9th Cir. 1990) ("a party proceeding in forma pauperis is entitled to have the summons and complaint served by the U.S. Marshal.").[3] Vontress proceeds in forma pauperis (ECF No. 50) and he is, therefore, entitled to the Court's aid in issuing and serving all process.

Based on the allegations in Vontress's complaint, it appears to the Court that Provencal is a NDOC employee. Accordingly, the Court will order that if Vontress amends his complaint to substitute Provencal for Lt. John Doe, then the Attorney General must advise Vontress and the Court by March 23, 2020—two weeks following the deadline for Vontress to amend his complaint—whether it can identify Provencal as a NDOC employee and, if so, whether the Attorney General will accept service on Provencal's behalf. If the Attorney General cannot accept service, the Attorney General shall file, under seal and without serving Vontress, Provencal's last known address. And if Provencal's last known address is a P.O. box, the Attorney General shall attempt to obtain Provencal's last-known physical address.

Finally, the Court will order that if the Attorney General advises the Court that his office will not accept service on behalf of Provencal, then Vontress must timely file a new motion for service of process. Service upon Provencal must be complete within 90 days after Vontress amends his complaint. *See* FED. R. CIV. P. 4(m).

**E.     Motion to extend copying rights (ECF No. 117).**

Vontress moves the Court to order the NDOC to extend Vontress's copywork limit. Vontress asserts that under NDOC Administrative Regulation ("AR") 722, he has accrued the maximum allowable indebtedness for legal copywork. (ECF No. 117 at 1.) Vontress argues that

---

[3]     Section 1915(d) dovetails with Rule 4, which provides that upon the request of a plaintiff authorized to proceed in forma pauperis, the Court "must" order "that service be made by a United States marshal or deputy or by a person specifically appointed by the court." FED. R. CIV. P. 4(c)(3).

1  he requires "a reasonable allowance" of copywork to effect service of process and to retain copies

2  of his own filings. (*Id.* at 2.)[4] Defendants do not oppose Vontress's motion.

3       Vontress is an indigent litigant, as demonstrated by his application to proceed in forma

4  pauperis, which this Court granted. (ECF No. 50 at 1.) Under NDOC AR 722.01(7)(E) (2011),

5  an inmate's maximum indebtedness for copywork is $100.00. Vontress has reached this limit,

6  likely because of the extensive motion practice between the parties. This matter, however, has

7  not advanced beyond discovery.

8       Inmates do not have a right to free, unlimited photocopying. *Johnson v. Moore*, 948 F.2d

9  517, 521 (9th Cir. 1991). But "[l]itigation necessarily requires some means of accurate

10  duplication" and it is "needlessly draconian" to require inmates to copy all documents by hand.

11  *Gluth v. Kangas*, 951 F.2d 1504, 1510 (9th Cir. 1991) (citing *Johnson v. Parke*, 642 F.2d 377,

12  380 (10th Cir. 1981)). This is especially true here because Vontress is litigating his claims

13  against multiple parties represented by multiple teams of attorneys. Therefore, the Court will

14  grant Vontress's motion to extend his copywork rights. The extension, however, is not open

15  ended. Vontress's photocopying rights are limited to copies necessary to amend his complaint,

16  "file motions, serve opponents, and maintain a copy for [plaintiff's] records in this litigation

17  alone." *Rowell v. Giannoue*, No. 2:07-cv-01169-RCJ-RJJ, 2010 WL 1856076, at *1 (D. Nev.

18  May 6, 2010).

19  **III.    Conclusion.**

20       IT IS THEREFORE ORDERED that Vontress's motion to compel (ECF No. 111) is

21  DENIED without prejudice.

22       IT IS FURTHER ORDERED that Vontress's motion for leave to file a motion to compel

23  (ECF No. 129) is DENIED without prejudice.

24       IT IS FURTHER ORDERED that Vontress's motion to extend discovery (ECF No. 118)

25  is DENIED as moot.

26

27
        [4]    Vontress erroneously contends that he requires an allowance of copywork to litigate his
28  "habeas" petition. (ECF No. 117.) This mistake does not affect the Court's analysis.

1       IT IS FURTHER ORDERED that Vontress's motion to substitute defendant's true name

2 (ECF No. 124) is GRANTED. Vontress must file his amended complaint by March 9, 2020.

3       IT IS FURTHER ORDERED that Vontress's motion for service of process (ECF No. 125)

4 is DENIED without prejudice.

5       IT IS FURTHER ORDERED that if Vontress amends his complaint to substitute Lt. John

6 Doe for Edward Provencal, the Attorney General must advise Vontress and the Court by March

7 23, 2020 whether the Office of the Attorney General can identify Provencal as a NDOC employee

8 and, if they can identify him, whether the Attorney General will accept service on Provencal's

9 behalf. If the Attorney General will not accept service, the Attorney General shall file, under seal

10 and without serving Vontress, Provencal's last-known address. If Provencal's last-known address

11 is a P.O. box, the Attorney General shall attempt to obtain Provencal's last-known physical

12 address.

13       IT IS FURTHER ORDERED that if the Attorney General advises Vontress and the Court

14 that it will not accept service on behalf of Provencal, Vontress must timely file a new motion for

15 service of process. Service upon Provencal must be complete within 90 days after Vontress

16 amends his complaint.

17       IT IS FURTHER ORDERED that Vontress's motion to extend copywork (ECF No. 117)

18 is GRANTED. The Nevada Department of Corrections shall allow Vontress the copywork

19 necessary to amend his complaint, file motions, serve opponents, and maintain one copy of his

20 filings for his records for this litigation alone.

21       DATED: February 25, 2020.

22

23                       BRENDA WEKSLER
                      UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28