URGNT REQST
GEORGE L. VONTRESS #96499
H.D.S.P. / P.O. BOX 650
INDIAN SPRINGS, NV 89070
IN PROPIA PERSONA

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

GEORGE L. VONTRESS,

PLAINTIFF,

v

THE STATE OF NEVADA, et al.,

DEFENDANTS.

CASE NO. 2:18-CV-01746-RFB-BNW

URGENT REQUEST FOR CLARIFICATION RE: 3-27-20 COURT ORDER GRANTING MOTION TO STAY (DOC.154)

COMES NOW, GEORGE L. VONTRESS, PLAINTIFF IN PROPIA PERSONA, HEREAFTER "VONTRESS", TO HUMBLY REQUEST URGENT CLARIFICATION RE: THE 3-27-20 COURT ORDER GRANTING CORECIVIC DEFENDENTS MOTION TO STAY DISCOVERY AND BRIEFING DEADLINES. (DOC.154).

CLARIFICATION IS NECESSARY, BECAUSE, VONTRESS HAS RECEIVED NO SUCH COURT ORDER. FURTHERMORE, CORECIVIC DEFENDANTS HAS, ON MULTIPLE OCCASIONS, REFERRED TO SUCH A COURT ORDER; GRANTING A MOTION TO STAY DISCOVERY AND BRIEFING DEADLINES.

DUE TO THE FACT, VONTRESS HAS RECEIVED NO SUCH ORDER AND COUNSEL FOR CORECIVIC DEFENDANTS LACKS PROBITY AND DISPLAYS MANIFEST BAD FAITH, CLARIFICATION IS WARRANTED.

DATED THIS 20TH DAY OF APRIL, 2020.

RESPECTFULLY SUBMITTED,

George L. Vontress

GEORGE L. VONTRESS #96499

IN PROPIA PERSONA

**IT IS ORDERED** that Plaintiff's motion for clarification (ECF No. 175) is GRANTED. **IT IS FURTHER ORDERED** that the Clerk of Court shall send Plaintiff a copy of ECF Nos. 154 and 161 along with a copy of this order.

**IT IS SO ORDERED**

**DATED: April 22, 2020**

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

## CERTIFICATE OF SERVICE BY MAILING

I, GEORGE L. VONTRESS, hereby certify, pursuant to NRCP 5(b), that on this 20TH day of APRIL, 2020, I mailed a true and correct copy of the foregoing, " URGENT REQUEST FOR CLARIFICATION RE: 3-27-20 COURT ORDER" by depositing it in the High Desert State Prison, Legal Library, First-Class Postage, fully prepaid, addressed as follows:

CLERK, U.S. DIST. COURT
333 LAS VEGAS BLVD. SO.-RM 1334
LAS VEGAS, NV 89101

ATTORNEY GENERAL
555 WASHINGTON AVE #3900
LAS VEGAS, NV 89101

JACOB LEE
3100 WEST RAY RD #300
CHANDLER, AZ 85226

CC:FILE

**DATED:** this 20TH day of APRIL, 20 20.

George L. Vontress
GEORGE L. VONTRESS    # 96499
/In Propria Personam
Post Office box 650 [HDSP]
Indian Springs, Nevada 89018
IN FORMA PAUPERIS:

GEORGE L. VONTRESS #96499
H.D.S.P. / P.O. BOX 650
INDIAN SPRINGS, NV 89070
IN PROPIA PERSONA


4-20-2020


CLERK, U.S. DISTRICT COURT
333 LAS VEGAS BLVD. SO. - RM 1334
LAS VEGAS, NV 89101

RE: 2:18-CV-01746-RFB-BNW; DOCKETING STATEMENT

DEAR CLERK,

I WOULD APPRECIATE A COPY OF A DOCKETING STATEMENT, OF THE ABOVE-MENTIONED CASE.

THANK YOU, FOR YOUR COOPERATION, UNDERSTANDING AND PROFESSIONALISM.

SINCERELY,

George L. Vontress

GEORGE L. VONTRESS #96499

Jacob B. Lee
Nevada Bar No. 012428
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
Fax: (480) 420-1695
JLee@strucklove.com

Gina G. Winspear
Nevada Bar No. 005552
DENNETT WINSPEAR, LLP
3301 North Buffalo Drive, Suite 195
Las Vegas, Nevada 89129
Telephone: (702) 839-1100
Fax: (702) 839-1113
GWinspear@dennettwinspear.com

*Attorneys for Defendants Hininger,*
*Thomas, Fuller, Williams, and CoreCivic*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GEORGE L. VONTRESS,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEVADA, et al.,<br><br>Defendants. | Case No. 2:18-cv-01746-RFB-BNW<br><br>**CORECIVIC DEFENDANTS' MOTION TO STAY DISCOVERY AND BRIEFING DEADLINES** |

Defendants Hininger (incorrectly sued as Defendant Henninger), Thomas, Fuller, Williams, and CoreCivic (collectively, "CoreCivic Defendants"),[1] move to stay the discovery and dispositive motion deadlines set by the Court's February 24, 2020 Scheduling Order. (Doc. 152.) The CoreCivic Defendants' Motion for Reconsideration seeks dismissal of all claims against them for lack of personal jurisdiction and improper venue in the District of Nevada, and alternatively seeks to transfer such claims to the District of Arizona, as Plaintiff's claims against the CoreCivic Defendants arise out of Plaintiff's incarceration at CoreCivic's Saguaro

---

[1] Upon information and belief, Defendant Marr has not yet been served. By filing this Motion to Stay Briefing, the CoreCivic Defendants make no appearance on his behalf.

3677031

- 1 -

Correctional Center ("SCC"), located in Eloy, Arizona. The CoreCivic Defendants seek to avoid waiving jurisdictional arguments raised in their Motion for Reconsideration by participating in discovery. The Court should therefore enter a temporary stay of discovery until these issues are resolved in order to preserve the Court and the parties' time and resources, and ensure that all jurisdictional questions are resolved prior to considering the dispositive issues in this case.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   FACTUAL BACKGROUND

The Court entered its initial Scheduling Order, setting a close of discovery date of August 28, 2019, on May 29, 2019. (Doc. 81.) The CoreCivic Defendants filed their Motion to Dismiss on June 3, 2019. (Doc. 85.) In addition to arguing that Plaintiff failed to state claims against the CoreCivic Defendants, the Motion to Dismiss challenged the Court's jurisdiction over CoreCivic and the individual CoreCivic Defendants. On that same date, the CoreCivic Defendants also filed a Motion to Stay Discovery Deadlines Pending Resolution of Motion to Dismiss, arguing that the resolution of the Motion to Dismiss in their favor would negate the need for discovery in this case. (Doc. 86.) Approximately two weeks later, the Court granted the Motion to Stay. (Doc. 97.)

On September 28, 2019, the Court issued an Order dismissing several of Plaintiff's claims, but denying the CoreCivic Defendants' jurisdictional arguments. (Doc. 127.) Defendants filed a Motion for Reconsideration of the Court's Order on October 25, 2019. (Doc. 138.) The Motion asked the Court to reconsider its finding that it has personal jurisdiction over the CoreCivic Defendants, and to either dismiss Plaintiff's remaining claims or transfer them to the District of Arizona. As of the date of this filing, the CoreCivic Defendants' Motion for Reconsideration is still pending a ruling by the Court.[2]

Plaintiff moved for partial summary judgment on his deliberate indifference claims against Defendants Thomas and Fuller on November 7, 2019. (Doc. 140.) In his Motion, Plaintiff stated that discovery was not necessary to resolve his deliberate indifference claims. (*Id.* at 1.) To date, neither Plaintiff nor the CoreCivic Defendants have engaged in discovery related to

---

[2] Plaintiff never filed a response to the Motion for Reconsideration.

3677031                                     - 2 -

deliberate indifference. On the same date, Plaintiff responded to Defendant NDOC's Motion for Summary Judgment. (Doc. 139.) Instead of providing a substantive response, Plaintiff requested additional time to complete discovery, arguing that he cannot present facts essential to justify an opposition "without CoreCivic Defendants being required to participate in the discovery process." (Doc. 139 at 1.) Plaintiff's Motion for Partial Summary Judgment remains unresolved.

The Court entered a new Scheduling Order on February 24, 2020, setting a close of discovery of May 25, 2020, and a dispositive motion deadline of June 24, 2020. (Doc. 152.)

## I.      LEGAL ARGUMENT

The Court "has wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). This discretion is "incidental to the power inherent in every court to control the disposition of the causes of action on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Rule 1 requires the Court to exercise its discretion in a manner that ensures a "just, speedy, and inexpensive determination of every action." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602–03 (D. Nev. 2011). The Court may stay discovery pending resolution of a dispositive motion where: (1) the motion is potentially dispositive of the case; (2) the motion may be resolved without the need for additional discovery; and (3) a "preliminary peek" at the merits of the motion to dismiss convinces the Court that the plaintiff fails to state a plausible claim for relief. *Hologram USA, Inc. v. Pulse Evolution Corp.*, No. 2:14-CV-00772-GMN, 2015 WL 1600768, at *1 (D. Nev. Apr. 8, 2015); *see also Hafterlaw, LLC v. Pal*, No. 2:13–cv–01943–GMN–NJK, 2014 WL 12585779, at *2 (D. Nev. Jan. 10, 2014) (granting the defendant's motion to stay discovery pending resolution of the defendant's motion for summary judgment where the elements listed above were met).

### A.      The CoreCivic Defendants' Motion For Reconsideration Is Potentially Dispositive Of The Case.[3]

#### 1.      This Court lacks personal jurisdiction over the CoreCivic Defendants.

Plaintiff cannot meet his burden of demonstrating that this Court has personal jurisdiction

---

[3] The following summarizes the more detailed arguments made in the CoreCivic Defendants' Motion for Reconsideration. (Doc. 138.) The complete arguments are incorporated herein by reference.

over the CoreCivic Defendants. *See Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008) (the plaintiff bears the burden of demonstrating that the allegations in the complaint establish a prima facie case for personal jurisdiction to avoid dismissal under Rule 12(b)(2)); *see also Martinez v. Aero Caribbean*, 764 F.3d 1062, 1066 (9th Cir. 2014) (personal jurisdiction over a defendant may be either general or specific).

The Court lacks specific jurisdiction over the CoreCivic Defendants. [4] A non-resident defendant generally must have "certain minimum contacts ... such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotations omitted)). In other words, the lawsuit must arise out of a non-resident defendant's contacts with the forum state. *See Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). The defendant's conduct must relate to the controversy "principally," meaning it occurred in the forum and/or was subject to the State's regulation. *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty*, 137 S.Ct. 1773, 1780 (2017*)* (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

The allegations in the Complaint clearly establish that the incidents that form the bases of Plaintiff's claims against Warden Thomas, NP Fuller, and Nurse Williams all occurred at SCC, which is located in Eloy, Arizona, after Plaintiff's transfer to SCC in December 2017. (Doc. 1-1 at 11–18, 29–32.)[5] Similarly, Plaintiff alleges that Defendant Hininger, on behalf of CoreCivic, entered into a contract with Defendant Dzurenda, on behalf of NDOC, to house Nevada inmates at SCC. (Doc. 1-1 at 11, 29.) Such conduct is best described as conduct purposefully directed towards *Arizona*, where any harm that might result to the inmates would occur (if at all), as Plaintiff has alleged here. *See Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002) (requiring the defendant to allegedly have "(1) committed an intentional act, (2) expressly aimed

---

[4] The Court found in its Order ruling on the CoreCivic Defendants' Motion to Dismiss that it lacks general jurisdiction over the CoreCivic Defendants.

[5] Indeed, the Court held the November 19, 2018 hearing on Plaintiff's Motion Requesting Keep Away Order (Doc. 15, 16) in Arizona precisely because Plaintiff and all of the SCC staff members involved in that issue, including Warden Thomas, were located in Arizona.

3677031                                                    - 4 -

at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state") (citing *Calder v. Jones*, 465 U.S. 783 (1984)). As such, this Court lacks specific jurisdiction over the CoreCivic Defendants.

**2. Venue is improper in the District of Nevada.**

Plaintiff cannot meet his burden of demonstrating that venue is proper in the District of Nevada. *See Three Rivers Provider Network, Inc. v. America's Choice Provider Network, Inc.*, No. 2:14–cv–00584–APG–GWF, 2015 WL 5056548, at \*2 (D. Nev. Aug. 25, 2015) (the plaintiff bears the burden of demonstrating that venue is proper in the forum district to avoid dismissal under Rule 12(b)(3)) (citing *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979)). None of the CoreCivic Defendants reside in Nevada, and no part of the events or omissions giving rise to Plaintiff's claims—let alone a substantial part—occurred in Nevada. Rather, the medical care that is the subject of Plaintiff's claims against the CoreCivic Defendants all occurred at SCC in Eloy, Arizona. (Doc. 1-1 at 11–18, 29–32.) As such, venue is improper in the District of Nevada. Because Plaintiff has not alleged sufficient facts to show either that the Court has personal jurisdiction over the CoreCivic Defendants, or that venue is proper in the District of Nevada, Plaintiff's claims against the CoreCivic Defendants are subject to dismissal.

**3. Plaintiff fails to state a claim for conspiracy against Defendant Hininger.**

Plaintiff fails to allege specific facts sufficient to state a claim for conspiracy against Defendants Hininger in Count XI of the Complaint. *See E.F. v. Delano Joint Union High School Dist.*, No. 1:16-cv-01166-LJO-JLT, 2016 WL 5846998, at \*4 (E.D. Cal. Oct. 6, 2016) (a conspiracy claim requires the "existence of an agreement or meeting of the minds to violate constitutional rights") (quoting *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540–41 (9th Cir. 1989) (internal quotations omitted); *see also Olsen v. Idaho Bd. of Medicine*, 363 F.3d 916, 929–30 (9th Cir. 2004) (requiring a plaintiff to allege specific facts to support the existence of the conspiracy). Moreover, Plaintiff's conspiracy claim against Defendant Hininger is based on Defendant Hininger's alleged deliberate indifference, for which the Court correctly found that Plaintiff failed to state a claim. (Doc. 127 at 12.) Plaintiff's

conspiracy claim cannot survive in light of the dismissal of the Eighth Amendment claim—there must be an underlying constitutional violation. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 935 (9th Cir. 2012); *Cassettari v. Nevada Cty.*, 824 F.2d 735, 739 (9th Cir. 1987). Because the Court dismissed the Eighth Amendment claim against Defendant Hininger, the conspiracy claim against him is also subject to dismissal.

### B. The CoreCivic Defendants' Motion For Reconsideration May Be Resolved Without Discovery.

No discovery is needed to resolve the issues raised by the CoreCivic Defendants' Motion for Reconsideration. There is no dispute that CoreCivic is headquartered in Tennessee and incorporated in Maryland, that Defendant Hininger is a resident of Tennessee, or that Defendants Thomas, Fuller, and Williams are residents of Arizona, as Plaintiff alleges. There is similarly no dispute that the events giving rise to the claims asserted in Plaintiff's Complaint all occurred at SCC, which is located in Eloy, Arizona. No discovery is therefore necessary to resolve questions of personal jurisdiction and venue in this matter.

### C. The CoreCivic Defendants' Motion For Reconsideration Has Merit.

A "preliminary peek" at the merits of the CoreCivic Defendants' Motion for Reconsideration shows the arguments for dismissal have sufficient merit to warrant a stay of discovery as to the claims against the CoreCivic Defendants until the Court has ruled on those arguments. There can be no reasonable dispute that this Court lacks jurisdiction to grant Plaintiff relief against the CoreCivic Defendants, or that venue is improper in the District of Nevada.

In taking this "preliminary peek," the Court should apply a more lenient standard due to the threshold nature of the issues of personal jurisdiction and venue raised by the CoreCivic Defendants' Motion for Reconsideration. *See Hologram USA, Inc. v. Cirque Du Soleil My Call, LLC*, No. 2:14-CV-0916-RFB-NJK, 2014 WL 12792490, at *1 (D. Nev. Nov. 24, 2014) ("While the filing of a motion to dismiss for lack of personal jurisdiction does not automatically result in an order staying discovery, such a motion 'strongly favors a stay, or at a minimum, limitations on discovery until the question of jurisdiction is resolved.'"); *see also Pulse Evolution Corp.*, 2015 WL 1600768, at *1 ("Generally speaking, in the context of a pending motion to dismiss

3677031                                                    - 6 -

challenging personal jurisdiction, courts are more inclined to stay discovery because it presents a 'critical preliminary question.'"); *Kabo Tools Co. v. Porauto Indus. Co.*, No. 212CV01859LDGNJK, 2013 WL 12321307, at *1 (D. Nev. Apr. 15, 2013) ("Courts are more inclined to stay discovery pending resolution of a motion to dismiss challenging personal jurisdiction because it presents a 'critical preliminary question.'") (quoting *AMC Fabrication, Inc. v. KRD Trucking West, Inc.*, 2012 WL 4846152, *2 (D. Nev. Oct. 10, 2012)); *Holiday Sys. Int'l of Nevada v. Vivarelli, Schwarz, & Assocs., S.A. de. C.V.*, No. 2:10-CV-00471-MMD, 2012 WL 3860824, at *2 (D. Nev. Sept. 5, 2012) (holding "preliminary issues such as jurisdiction, venue, or immunity can justify such a stay") (citing C.A. Wright, Discovery, 35 F.R.D. 39, 60 (1964) ("[C]ourts may stay discovery on the merits of an action until challenges to jurisdiction have been resolved.")). This more lenient standard applies to such jurisdictional challenges because "[a] defendant should not be required to engage in expensive and burdensome discovery in a court that has no jurisdiction over him." *Liberty Media Holdings, LLC v. Letyagin*, No. 2:12-CV-00923-LRH, 2012 WL 3135671, at *5 (D. Nev. Aug. 1, 2012); *see also Tradebay*, 278 F.R.D. at 608 (granting the defendant's motion to stay in order to "best accomplish the objectives of Rule 1, to secure the just, speedy and inexpensive determination of this action").

A short stay of discovery as to Plaintiff's claims against the CoreCivic Defendants while the Court resolves the issues raised in the CoreCivic Defendants' Motion for Reconsideration, including but not limited to issues of personal jurisdiction and venue, will benefit all parties by avoiding potentially needless waste of resources from conducting discovery in a court that lacks jurisdiction over the defendants. A stay will also benefit the Court (and litigants in other cases before it), by conserving its limited judicial resources by eliminating the need to resolve discovery issues. *See Tradebay*, 278 F.R.D. at 608 (granting motion to stay, finding: "[T]he motion to dismiss raises the court's subject matter jurisdiction. It is potentially dispositive of the entire case. Plaintiff does not claim that it needs any discovery to oppose the motion to dismiss. The motion raises no factual issues, and will be decided purely on issues of law. This case is currently at the pleading stage and the Ninth Circuit has held that the purpose of Rule 12(b)(6) is to enable Defendants to challenge the legal sufficiency of a complaint without subjecting

3677031                                                                    - 7 -

themselves to discovery. For all of these reasons, the court concludes that a stay of discovery while the motion to dismiss is pending will best accomplish the objectives of Rule 1, to secure the just, speedy and inexpensive determination of this action."); *see also Zabeti v. Arkin*, No. 2:14-CV-00018-GMN, 2014 WL 1764358, at *3 (D. Nev. Apr. 30, 2014) (granting motion to stay and vacating a scheduling order: "The court finds that the Defendants have raised substantial issues concerning personal jurisdiction, subject matter jurisdiction, Eleventh Amendment immunity and judicial immunity that warrant a stay of proceedings while these threshold issues are decided.").

### D.     A Brief Stay In Discovery Will Not Prejudice Plaintiff.

Neither party will suffer any prejudice from a stay in discovery. To date, Plaintiff has submitted one set of Requests for Production to Defendants. Defendants responded to these Requests on December 30, 2019.[6] No other discovery is currently pending. In his Motion for Partial Summary Judgment, Plaintiff indicated that further discovery is not necessary to decide his deliberate indifference claims. (Doc. 140 at 1.) But the CoreCivic Defendants will suffer prejudice if they are forced to engage in discovery or file a dispositive motion prior to the Court's ruling on their Motion for Reconsideration. If the CoreCivic Defendants participate further in this litigation, then they risk waiving the jurisdictional arguments that are still pending before the Court. *See, e.g.,* Fed. R. Civ. P. Rule 12(h)(1)(B) (waiver of Rule 12(b)(2)-(5) defenses). Moving forward with discovery will deny the CoreCivic Defendants the opportunity to have their case decided in their home forum. Additionally, any discovery will become moot if the Court ultimately dismissed Plaintiff's claims for lack of jurisdiction over the CoreCivic Defendants. Engaging in discovery at this time could therefore potentially waste both the Court's and the parties' time and resources.

To the extent either party suffers hardship as a result of the stay (which is unlikely), neither party will suffer a greater hardship than the other. To the contrary, both parties will benefit from the stay because each party will avoid the potentially unnecessary waste of time and resources. Indeed, Plaintiff has argued both that he needs and does not need discovery against the

---

[6] In their responses, as in all of their filings to date, the CoreCivic Defendants objected to the Court's personal jurisdiction over them, and to the District of Nevada as the proper venue.

CoreCivic Defendants. Finally, a temporary stay will substantially promote the orderly course of justice by allowing the Court time to consider the preliminary issues that are still in contention, including whether it has jurisdiction over these proceedings, and whether the District of Nevada is the proper venue for resolution of Plaintiff's claims against the CoreCivic Defendants.

## III. CONCLUSION

Based on the foregoing, the CoreCivic Defendants respectfully request that the Court stay discovery as to Plaintiff's claims against them pending resolution of their Motion for Reconsideration.

DATED this 5th day of March 2020.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC

By /s/ Jacob B. Lee
    Jacob B. Lee
    3100 West Ray Road, Suite 300
    Chandler, Arizona 85226
    JLee@strucklove.com

    Gina G. Winspear
    DENNETT WINSPEAR
    3301 North Buffalo Dr., Suite 195
    Las Vegas, NV 89129
    GWinspear@dennettwinspear.com

    *Attorneys for Defendants Hininger, Thomas,*
    *Fuller, Williams, and CoreCivic*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 5, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

>Aaron D. Ford
>Attorney General
>Henry H. Kim (Bar No. 14390)
>Deputy Attorney General
>State of Nevada
>Office of the Attorney General
>555 E. Washington Ave., Ste. 3900
>Las Vegas, Nevada 89101
>(702) 486-3095 (phone)
>(702) 486-3773 (fax)
>Email: hkim@ag.nv.gov
>
>*Attorneys for Defendants*
>*Frank Dreesen, James Dzurenda,*
>*Dwight Neven, and Rene Pena*

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

>George Vontress (NDOC #96499)
>High Desert State Prison (HDSP)
>P.O. Box 650
>Indian Springs, Nevada 89070-0650
>
>*Plaintiff Pro Se*

/s/ Allen Rowley

3677031

- 10 -

Jacob B. Lee
Nevada Bar No. 012428
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
Fax: (480) 420-1695
JLee@strucklove.com

Gina G. Winspear
Nevada Bar No. 005552
DENNETT WINSPEAR, LLP
3301 North Buffalo Drive, Suite 195
Las Vegas, Nevada 89129
Telephone: (702) 839-1100
Fax: (702) 839-1113
GWinspear@dennettwinspear.com

*Attorneys for Defendants Hininger,*
*Thomas, Fuller, Williams, and CoreCivic*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GEORGE L. VONTRESS, | Case No. 2:18-cv-01746-RFB-BNW |
| Plaintiff, | **CORECIVIC DEFENDANTS' MOTION FOR SUMMARY DISPOSITION OF** |
| v. | **MOTION TO STAY DISCOVERY AND BRIEFING DEADLINES (DOC. 154)** |
| STATE OF NEVADA, et al., | |
| Defendants. | |

Defendants Hininger (incorrectly sued as Defendant Henninger), Thomas, Fuller, Williams, and CoreCivic (collectively, "CoreCivic Defendants"),[1] through counsel, respectfully request the Court grant their Motion to Stay Discovery and Briefing Deadlines ("Motion to Stay") (Doc. 154) as unopposed. The CoreCivic Defendants' Motion to Stay requested the Court stay all discovery and briefing deadlines in this matter until after the Court rules on their Motion for Reconsideration (Doc. 138). (Doc. 154.) The CoreCivic Defendants filed their Motion to Stay on

---

[1] Upon information and belief, Defendant Marr has not yet been served. By filing this Motion for Summary Disposition, the CoreCivic Defendants make no appearance on his behalf.

3687366

- 1 -

March 5, 2020. (Doc. 154.) LR 7-2(b) provided Plaintiff 14 days to respond to the Motion to Stay, but Plaintiff failed to respond by the March 23, 2020 deadline.

Under LR 7-2(d), Plaintiff's failure to file points and authorities in opposition to the Motion to Stay constitutes a consent to granting the Motion. *See HP Tuners, LLC v. Cannata*, No. 318CV00527LRHWGC, 2019 WL 3848792, at \*2 (D. Nev. Aug. 15, 2019) (granting unopposed motion to supplement briefing under LR 7-2(d)). The CoreCivic Defendants request this Court treat Plaintiff's failure to respond as silent acquiescence to the granting of the CoreCivic Defendants' Motion to Stay, and stay all discovery and dispositive motion deadlines in this case until after the Court has ruled on the CoreCivic Defendants' Motion for Reconsideration (Doc. 138).

DATED this 26th day of March 2020.

**IT IS ORDERED that ECF No. 154 is GRANTED under LCR 47-3.**

**IT IS FURTHER ORDERED that ECF No. 160 is DENIED as moot.**

**IT IS SO ORDERED**

**DATED: March 27, 2020**

_____

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

STRUCK LOVE BOJANOWSKI & ACEDO, PLC

By /s/ Jacob B. Lee
  Jacob B. Lee
  3100 West Ray Road, Suite 300
  Chandler, Arizona 85226
  JLee@strucklove.com

Gina G. Winspear
DENNETT WINSPEAR
3301 North Buffalo Dr., Suite 195
Las Vegas, NV 89129
GWinspear@dennettwinspear.com

*Attorneys for Defendants Hininger, Thomas, Fuller, Williams, and CoreCivic*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 26, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

> Aaron D. Ford
> Attorney General
> Henry H. Kim (Bar No. 14390)
> Deputy Attorney General
> State of Nevada
> Office of the Attorney General
> 555 E. Washington Ave., Ste. 3900
> Las Vegas, Nevada 89101
> (702) 486-3095 (phone)
> (702) 486-3773 (fax)
> Email: hkim@ag.nv.gov
>
> *Attorneys for Defendants*
> *Frank Dreesen, James Dzurenda,*
> *Dwight Neven, and Rene Pena*

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

> George Vontress (NDOC #96499)
> High Desert State Prison (HDSP)
> P.O. Box 650
> Indian Springs, Nevada 89070-0650
>
> *Plaintiff Pro Se*

/s/ Allen Rowley

3687366                                - 3 -