# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| George L. Vontress,<br><br>               Plaintiff,<br><br>    v.<br><br>State of Nevada, et al.,<br><br>               Defendants. | Case No. 2:18-cv-01746-RFB-BNW<br><br>**ORDER** |

Before the Court is plaintiff George L. Vontress's motion to issue summons. ECF No. 169. The Court will construe the motion as one to issue summons and to effect service of process. Further, the Court will grant Mr. Vontress's motion because he proceeds in forma pauperis ("IFP") and is therefore entitled to the Court's aid in issuing and serving all process.

**I.    Background.**

On September 10, 2018, Mr. Vontress, proceeding pro se and IFP, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1–1. In the complaint, Mr. Vontress alleges that defendant Edward Provencal,[1] a hearings officer at High Desert State Prison, withheld blood test results that would vindicate Mr. Vontress of alleged alcohol use and release him from administrative segregation. *Id.* at 18. He further alleges that because Provencal learned from this blood test that Mr. Vontress had diabetes and failed to disclose this to him, he suffered from untreated diabetes for three years. *Id.* at 19.

In accordance with the terms of the Prison Litigation Reform Act, the Court screened the complaint in order to determine whether there were any cognizable claims. ECF No. 34. On November 21, 2018, the Court held that Counts I, II, and V stated colorable claims of Eighth and

---

[1] Prior to filing a motion to substitute defendant's true name (ECF No. 124), Mr. Vontress was unaware of defendant's identity and instead referred to him as "Lt. John Doe."

Fourteenth Amendment violations and that these claims could proceed against Provencal once Mr. Vontress learned his identity. *Id.* at 9–13. Claims against additional defendants survived screening and were allowed to proceed as well. *Id.* at 9–19. Because Mr. Vontress did not know the true identity of Provencal at the time, summonses were only issued for the named defendants. ECF No. 36.

On September 20, 2019, Mr. Vontress filed a motion to substitute defendant's true name. ECF No. 124. Five days later, he filed a motion for service on Provencal. ECF No. 125. On February 25, 2020, the Court granted the motion to substitute defendant's true name (ECF No. 124), but denied the motion for service (ECF No. 125) because Mr. Vontress was first required to amend his complaint in order to substitute Provencal for Lt. John Doe. ECF No. 153 at 6. Pursuant to the Court's order, Mr. Vontress filed his amended complaint on March 13, 2020. ECF No. 155.

On March 23, 2020, the Attorney General notified the court that it would not accept service on behalf of Provencal and instead filed his last-known address under seal. ECF Nos. 156–158. Mr. Vontress then filed the underlying motion on April 8, 2020. ECF No. 169.

**II.     Discussion.**

This Court construes Mr. Vontress's motion as one to issues summons for—and to effect service of process upon—the newly identified defendant. An incarcerated pro se plaintiff proceeding IFP is entitled to rely on the United States Marshals for service of the summons and complaint. Fed. R. Civ. P. 4(c)(3); *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). Officers of the court are to issue and serve all process. 28 U.S.C. § 1915(d).

Here, Mr. Vontress proceeds IFP and thus is entitled to the Court's aid in issuing and serving all process. Because the Court ordered that claims could proceed against Provencal once Mr. Vontress learned his identity and because Mr. Vontress has subsequently complied with the Court's procedural requirements, the Court will grant his motion.

**III.    Conclusion.**

IT IS THEREFORE ORDERED that Mr. Vontress's motion for issuance of summons (ECF No. 169) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court send Mr. Vontress one blank copy of form USM-285.

IT IS FURTHER ORDERED that Mr. Vontress shall have twenty days in which to furnish the U.S. Marshals Service with the required USM-285 form.[2] On the form, Mr. Vontress must leave blank the defendant's last-known address. The U.S. Marshals Service will acquire this address from the Attorney General's sealed filing at ECF No. 158.

IT IS FURTHER ORDERED that the Clerk of Court issue a summons, under seal, for Provencal.

IT IS FURTHER ORDERED that the Clerk of Court serve a copy of this order, the sealed and issued summons, and the complaint (ECF No. 155) on the U.S. Marshals Service.

IT IS FURTHER ORDERED that upon receipt of the USM-285 form from Mr. Vontress, the U.S. Marshal shall, in accordance with Federal Rule of Civil Procedure 4(c)(3), attempt service on Provencal at his last-known address, filed under seal at ECF No. 158.

DATED: July 13, 2020.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

---

[2] The U.S. Marshals Service is located at 333 Las Vegas Boulevard South, Suite 2058, Las Vegas, Nevada 89101.