UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GEORGE L. VONTRESS | Case No. 2:18-cv-01746-RFB-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| STATE OF NEVADA, et al., | |
| Defendant(s). | |

## I. INTRODUCTION

Before the Court is Defendants Hininger, Thomas, Fuller, Williams, and CoreCivic (collectively, "CoreCivic Defendants") Motion for Reconsideration. (ECF No. 138). For the following reasons, the Court denies in part and grants in part the motion. The Court incorporates by reference its previous findings except those explicitly vacated here.

## II. PROCEDURAL BACKGROUND

Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983 against Defendants on September 10, 2018. ECF No. 1. On November 21, 2018, the Court issued a Screening Order in this matter. ECF No. 34. The Court allowed certain due process, deliberate indifference, supervisory liability, conspiracy, and retaliation claims to proceed. Id. On June 3, 2019, CoreCivic Defendants filed a Motion to Dismiss. ECF No. 85. Plaintiff filed a Response on June 7, 2019 and CoreCivic Defendants filed a Reply on June 21, 2019. ECF No. 90, 103. This Court denied CoreCivic's Motion to Dismiss on September 28, 2019. ECF No. 127. On October 25, 2019, CoreCivic filed a Motion for Reconsideration. ECF No. 138.

### III. LEGAL STANDARD

The Court has discretion to grant or deny a motion for reconsideration. Navajo Nation v. Norris, 331 F.3d 1041, 1046 (9th Cir. 2003). Absent highly unusual circumstances, the court should grant a motion for reconsideration only where: (1) it is presented with newly discovered evidence; (2) it has committed clear error or the initial decision was manifestly unjust; or (3) there has been an intervening change in controlling law. Nunes v. Ashcroft, 375 F.3d 805, 807 (9th Cir. 2004); Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000); Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Kona, 229 F.3d at 890; Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (citation and quotation marks omitted). "A party seeking reconsideration . . . must state with particularity the points of law or fact that the court has overlooked or misunderstood. Changes in legal or factual circumstances that may entitle the movant to relief also must be stated with particularity." L.R. 59-1.

### IV. DISCUSSION

The Court incorporates by reference the findings of fact in its Order [ECF No. 127] on Motion to Dismiss.

In its order of September 28, 2019, the Court found: (1) the activities alleged in Plaintiff's Complaint gave rise to specific jurisdiction over CoreCivic Defendants in the District of Nevada; (2) it was inappropriate to transfer venue to the District of Arizona; and (3) Plaintiff stated a claim for conspiracy against CoreCivic, Hininger. [ECF No. 127] The Court found that Plaintiff's Eighth Amendment portion of Count XI was dismissed without prejudice with respect to Defendant Hininger; otherwise, CoreCivic Defendants' motion to dismiss was denied. In moving for reconsideration, CoreCivic Defendants argue that this Court committed clear error by finding it had specific jurisdiction over the CoreCivic Defendants, declining to dismiss or transfer the claims

1    against the CoreCivic Defendants for improper venue, and allowing the conspiracy claim to
2    proceed against Defendant Hininger.

###     a. CoreCivic Specific Jurisdiction

This Court did not commit error when it found that it has specific jurisdiction over CoreCivic.  CoreCivic argues that because Plaintiff's claims sound in tort instead of contract, the forum selection clause cannot be a basis for specific jurisdiction.  CoreCivic misinterprets this Court's consideration of the forum selection clause.  Indeed, CoreCivic's contract with Nevada Department of Corrections ("NDOC") demonstrates that CoreCivic purposefully facilitated and supervised the incarceration of a Nevada resident pursuant to a contract that is expressly governed by, and construed according to, Nevada law.  And although the contract's forum selection clause does not apply to Plaintiff's claims, by entering such a contract, CoreCivic cannot claim that it did not or could not anticipate litigation in court in Nevada.  The forum selection clause demonstrates anticipation of litigation in Nevada, which alone does not confer jurisdiction, but it is considered in determining whether CoreCivic purposefully availed itself to the benefits and protections of Nevada laws.  See Burger King Corp. v.  Rudzewicz, 471 U.S. 462, 482 (1985).

CoreCivic also argues that because Plaintiff's claim sound in tort instead of contract a different test should be applied.  This Court disagrees.  Plaintiff's claims against CoreCivic Defendants arise out of their alleged deliberate indifference to his medical needs while incarcerated.  The Court found factually that in its bid in pursuit of a contract with NDOC, CoreCivic committed to complying with NDOC's healthcare standards and Nevada law and to bearing all costs and responsibilities associated with healthcare services.  ECF No. 103 at 147–49.  These commitments are incorporated into the final contract.  See id. at 3.  Therefore, the Court found that Plaintiff's claims actually arise out of CoreCivic's forum-related activity of incarcerating Nevada residents and that this activity included an explicit agreement to manage and supervise inmates', in including Plaintiff's, medical care pursuant to their contractual obligations to NDOC and under Nevada law.  Accordingly, in pursuing this contract CoreCivic purposefully availed itself to another forum state which gives rise to specific personal jurisdiction over CoreCivic Defendants in the District of Nevada.  Finally, this Court emphasizes that exercising

jurisdiction comforts with fail play and substantial justice. Plaintiff Vontress is a Nevada resident and incarcerated by the state of Nevada. Although Plaintiff was temporarily transferred out of state that does not mean he loses the benefits and protections of Nevada law. Moreover, given the fact that Plaintiff cannot opt out of transferring procedures of NDOC, as a matter of fair play and substantial justice, the benefits and protections of Nevada law must have carried with him as well as the right to litigate matters related to his incarceration in his home forum.

### b. Individual CoreCivic Defendants' Jurisdiction

The Court's prior order with respect to jurisdiction focused on CoreCivic as an entity and not the individual CoreCivic Defendants in this case. The Court finds that these Defendants are correct that the order did not specifically address the Court's specific jurisdiction over them. The briefing and arguments focused primarily on the defendant entity itself and not the individual defendants. They are not, however, synonymous under the law as it relates to specific jurisdiction. See e.g., Davis v. Metro Prods., Inc., 885 F.2d 515, 522 (9th Cir. 1989) ("[A] long-arm statute may, consistent with constitutional due process, allow assertion of personal jurisdiction over officers of a corporation as long as the court finds those officers to have sufficient minimum contacts with [the forum state].").

After reviewing the record, this Court finds jurisdictional discovery should commence to allow for a more complete record for this Court's decision as to the individual CoreCivic Defendants. Laub v. United States DOI, 342 F.3d 1080, 1093 (9th Cir. 2003) ("A district court is vested with broad discretion to permit or deny [jurisdictional] discovery."); Butcher's Union Local No. 498 v. SDC Inv., Inc., 788 F.2d 535, 540 (9th Cir. 1986) (noting jurisdictional discovery should be granted "where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary."). The nature and extent of the jurisdictional discovery was addressed at a hearing on September 17, 2020.

### c. Venue

The Court did not commit error when it found that it would be inappropriate to transfer venue to the District of Arizona. This Court weighted numerous factors in the individualized context and found that Plaintiff's choice of forum, the public policy of the forum state, and cost

2

and convenience in light of Plaintiff's present residency in Nevada are the most important considerations in this case. See Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000) (noting potential individualized, case-by-case considerations and relevant public policy of forum state inform decisions regarding appropriate venue transfer).

CoreCivic Defendants argue that venue in the District of Nevada is improper because none of CoreCivic Defendants are residents of the State of Nevada, and they are not residents of the same state pursuant to Section 1391(b)(1). However, the State of Nevada is the proper venue pursuant to 1391(b)(3) because CoreCivic is subject to this Court's jurisdiction. See Supra Part IV (a); see also Bozic v. United States Dist. Court, 888 F.3d 1048, 1054 (9th Cir. 2018) (noting that § 1391(b)(3) applies only if there is no district where venue lies under § 1391(b)(1) or (b)(2)).

Moreover, the Court notes that given Vontress' current placement in Nevada and not Arizona and given the restrictions on travel for both the inmate population in Nevada and the larger public due to the COVID-19 pandemic, it is inevitable that much if not all of the continued prosecution of this case would occur virtually. The Court, therefore, finds there is minimal burden to the out-of-state individual Defendants or witnesses under these circumstances. In contrast, the Court finds that the burdens on Vontress would be significant if he had to litigate an out-of-state case given the restrictions on his outside calling and the added cost related to posting and filing documents as noted in the record. Finally, the court reemphasizes that should this case go to trial there is no legal mechanism, as noted at the hearing, for Vontress to be transported to Arizona and remain there for such a trial while he is incarcerated in Nevada.

### d. Conspiracy Claim

This Court does find that it committed clear error when it allowed Plaintiff's conspiracy claim to proceed against Defendant Hininger despite dismissing Plaintiff's underlying claim for deliberate indifference. "Conspiracy is not itself a constitutional tort under § 1983." Lacey v. Maricopa Cty., 693 F.3d 896, 935 (2012). For a conspiracy claim to survive, "there must always be an underlying constitutional violation." Id.; see also Cassettari v. Nevada Cty., 824 F.2d 735, 739 (9th Cir. 1987) ("The insufficiency of these allegations [of a deprivation of a federal right under § 1983] to support a section 1983 violation precludes a conspiracy claim predicated upon

the same allegations."). Because this Court correctly dismissed Plaintiff's Eight Amendment claim against Defendant Hininger, it should also have dismissed the conspiracy claim against him. This was an inadvertent error that the Court now corrects.

## V. CONCLUSION

For the reasons described above,

**IT IS ORDERED** that Defendants' Motion for Reconsideration (ECF No. 138) is DENIED in part and GRANTED in part. The conspiracy claim against Defendant Hininger is DISMISSED.

DATED: September 18, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

2