1
2
3              **UNITED STATES DISTRICT COURT**
4                    **DISTRICT OF NEVADA**
5                            * * *
6   George L. Vontress,                    Case No. 2:18-cv-1746-RFB-BNW
7                        Plaintiff,
8          v.                              **Omnibus Order**
9   State of Nevada, et al.,
10                      Defendants.
11
12        Before the Court are motions by plaintiff George L. Vontress to waive service or, in the

13 alternative, for leave to serve defendants Jo Gentry and Edward Provencal by publication (ECF

14 No. 192), for extension of the time to serve defendant Gentry (ECF No. 202), and to effect service

15 of process upon Gentry via the U.S. Marshals Service (ECF No. 205).  For the reasons below, the

16 Court denies Vontress's motion to waive service or effect service by publication, grants the

17 motion for extension of time, and grants the motion to effect service of process via the U.S.

18 Marshals Service.

19 **I.      Background**

20        Vontress is a litigant currently incarcerated at High Desert State Prison ("HDSP").  (ECF

21 No. 1-1.)  He initiated this matter with a civil rights complaint filed pursuant to 42 U.S.C. § 1983.

22 *Id.*  Vontress alleges that defendants violated his rights under the First, Eighth, and Fourteenth

23 Amendments of the United States Constitution.  *Id.*

24        Nevada's Office of the Attorney General declined to accept service on behalf of Gentry

25 and Provencal, ECF Nos. 60 and 156, and instead filed those defendants' last-known addresses

26 under seal, ECF Nos. 61 and 157.  The Clerk of Court filed a notice of intent to dismiss Gentry

27 for lack of service.  ECF No. 116.  Upon Vontress's motion, the district judge gave Vontress until

28

October 29, 2020, to serve Gentry, and ordered Nevada's Attorney General to provide Vontress with Gentry's address. ECF No. 187. The Attorney General filed a notice informing the Court that he complied with the district judge's order on October 6, 2020, by providing Gentry's last-known address to the HDSP library supervisor, who in turn provided it to Vontress. ECF No. 196.

Vontress previously filed a motion for service upon Provencal, which the Court granted. ECF Nos. 169 and 178. The U.S. Marshal thrice attempted service at Provencal's last-known address in August 2020, but there was no answer at the address. ECF No. 178; ECF No. 183.

## II.     Discussion

### A.     Motion to effect service of process upon Gentry via the U.S. Marshal (ECF No. 205)

When a party proceeds IFP, the Court "shall issue and serve all process." 28 U.S.C. § 1915(d); *Puett v. Blandford*, 912 F.2d 270, 273 (9th Cir. 1990) ("a party proceeding in forma pauperis is entitled to have the summons and complaint served by the U.S. Marshal.").[1] Here, Vontress proceeds IFP and the Court will therefore grant his motion to have the U.S. Marshal attempt service upon Gentry.

Vontress asserts that he previously provided to the U.S. Marshals Service a USM-285 form pertaining to defendant Gentry. ECF No. 192 at 1. However, no summons for Gentry was ever returned to the Court, unexecuted or otherwise. Thus, the Court does not believe that service has been attempted upon Gentry, and the Court will direct the U.S. Marshal to do so.

The Court is aware of a last-known address for Gentry, filed under seal at ECF No. 61. Further, as stated in the Attorney General's notice of compliance at ECF No. 196, the Attorney General provided Gentry's last-known address directly to the HDSP library's supervisor, who then provided it to Vontress. The Court is uncertain whether the address filed under seal at ECF No. 61 is the same address that the Attorney General provided to Vontress via HDSP. Therefore, the Court will direct the Clerk of Court to send Vontress two copies of form USM-285. Each

---

[1]     Section 1915(d) dovetails with Rule 4, which provides that upon the request of a plaintiff authorized to proceed in forma pauperis, the Court "must" order "that service be made by a United States marshal or deputy or by a person specifically appointed by the court." FED. R. CIV. P. 4(c)(3).

form will ask Vontress to provide an address where Gentry can be served.  On the first USM-285 form, Vontress shall leave Gentry's address information blank.  On the second USM-285 form, Vontress shall write any address information that he has for Gentry.  The Court will direct the U.S. Marshal to review the sealed filing at ECF No. 61.  If the sealed filing at ECF No. 61 provides an address different from the one provided by Vontress on the second USM-285 form, then the U.S. Marshal shall attempt service at both addresses.

### B. Motion to extend the time for service upon Gentry (ECF No. 202)

Rule 4(m) requires a two-step analysis to determine whether to extend the time for service.  *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001).  At the first step, the Court "must" extend the time for service "upon a showing of good cause." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009).  At the second step, the Court "may" extend the time for service "upon a showing of excusable neglect." *In re Sheehan*, 253 F.3d at 512.

Courts must determine on a case-by-case basis whether the serving party has shown good cause. *Id.*  Generally, good cause is equated with diligence. *Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987).  A showing of good cause requires more than inadvertence or mistake of counsel. *Id.*  "[A]t a minimum, good cause means excusable neglect." *In re Sheehan*, 253 F.3d at 512 (quotation omitted).  Significantly, "[c]ourts must apply considerable leeway when assessing whether a pro se civil rights litigant's failure to comply strictly with time limits . . . should be excused for good cause." *McGuckin v. Smith*, 974 F.2d 1050, 1058 (9th Cir. 1992) (internal quotation marks omitted), *rev'd on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

Here, the Court will extend the time for service.  The operative deadline for service upon Gentry was October 29, 2020.  ECF No. 187.  By the time the October 29 deadline arrived, Vontress had sought the Court's aid in effecting service.  Thus, after according Vontress the considerable leeway mandated by *McGuckin*, the Court finds that Vontress has been diligent, and the Court equates this diligence with good cause for his failure to serve Gentry before the October 29 deadline.  Accordingly, the Court will extend the time for service upon Gentry for 45 days

from today's order.  Because the Court finds good cause at the first step of the Rule 4(m)

analysis, the Court will not advance to the second step.

### C.  Motion for leave to waive service or, in the alternative, to serve Gentry and Provencal by publication (ECF No. 192)
#### a.  Waiver

Vontress asks the Court to waive service upon Gentry and Provencal based on his "diligent

attempts" to serve them.  ECF No. 192 at 1.  Due process requires that defendants be provided

notice of an action and an opportunity to be heard.  *Mullane v. Central Hanover Bank & Trust Co.*,

339 U.S. 306, 314 (1950).  Vontress provides no authority that would allow the Court to circumvent

this important constitutional provision.  Further, as more fully explained below, the Court finds that

Vontress has not yet been diligent in his attempts to locate and serve Gentry and Provencal.  The

request to waive service is therefore denied.

#### b.  Service by publication

The Constitution does not require any particular means of service of process.  *Rio Props.,*

*Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane*, 339 U.S. at 314).

Instead, it requires only that service "be reasonably calculated to provide notice and an opportunity

to respond."  *Id.*  To that end, service of process is governed by Rule 4 of the Federal Rules of Civil

Procedure.

Rule 4(e) governs service of individuals located within a judicial district of the United

States.  FED. R. CIV. P. 4(e).  It provides that service is proper by serving an individual in

accordance with law of the state where the district court is located.  FED. R. CIV. P. 4(e)(1).  This

Court is located in the District of Nevada.  The Nevada Rules of Civil Procedure ("NRCP")

authorize service by publication.  NRCP 4.4(c).

A litigant who desires to effect service by publication must meet eight requirements.

NRCP 4.4(c).[2]  The litigant must (1) establish that "the service methods provided in [NRCP] 4.2,

---

[2]	NRCP 4.4 provides:

(c)  **Service by Publication.**   If a party demonstrates that the service methods provided in Rules 4.2, 4.3, and 4.4(a) and (b) are impracticable, the court may, upon motion and without notice to the person being served, direct that service be made by publication.

(1)  **Conditions for Publication.**   Service by publication may only be ordered when the defendant:

4.3, and 4.4(a) and (b) are impracticable";[3] (2) demonstrate that the defendant cannot, after due diligence, be found, or that the defendant seeks to avoid service of process through concealment; (3) establish through pleadings or other evidence that a cause of action exists against the defendant; (4) demonstrate that the defendant is a necessary or proper party to the action; (5) set forth specific facts demonstrating the efforts plaintiff made to locate and serve the defendant; (6) provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought; (7) suggest one or more newspapers in which the summons should be published that are reasonably calculated to give the defendant actual notice; and (8) provide the defendant's last-known address, the dates during which defendant lived at that address, and confirmation that plaintiff is unaware of any other address at which defendant has resided since that time or at which defendant can be found.  NRCP 4.4(c).

Here, the Court will deny Vontress's motion for service by publication because he did not address NRCP 4.4(c)'s eight requirements.  Based on the Court's review of the record, further, it does not appear that Vontress can meet these requirements at this time.

---

(A)  cannot, after due diligence, be found;
(B)  by concealment seeks to avoid service of the summons and complaint; or
(C)  is an absent or unknown person in an action involving real or personal property under Rule 4.4(c)(3).
(2)  **Motion Seeking Publication.**   A motion seeking an order for service by publication must:
(A)  through pleadings or other evidence establish that:
(i)  a cause of action exists against the defendant who is to be served; and
(ii)  the defendant is a necessary or proper party to the action;
(B)  provide affidavits, declarations, or other evidence setting forth specific facts demonstrating the efforts that the plaintiff made to locate and serve the defendant;
(C)  provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought and including any special statutory requirements;
(D)  suggest one or more newspapers or other periodicals in which the summons should be published that are reasonably calculated to give the defendant actual notice of the proceedings; and
(E)  if publication is sought based on the fact that the defendant cannot be found, provide affidavits, declarations, or other evidence establishing the following information:
(i)  the defendant's last-known address;
(ii)  the dates during which the defendant resided at that location; and
(iii)  confirmation that the plaintiff is unaware of any other address at which the defendant has resided since that time, or at which the defendant can be found.

[3]         NRCP 4.2 tracks federal Rule 4(e)(2) and permits service of an individual by either delivering a copy of the summons and complaint to the individual personally, leaving the copies at the individual's dwelling with a person of suitable age and discretion, or delivering the copies to an agent authorized by appointment or by law to receive service of process.  NRCP 4.2(a); FED. R. CIV. P. 4(e)(2).  NRCP 4.3 governs service of individuals located outside Nevada or outside the United States.  NRCP 4.4(a) governs service in a manner prescribed by statute.  And NRCP 4.4(b) governs service "through any alternative service method."

Regarding defendant Gentry specifically, it appears to the Court that service was never attempted at her last-known address.  Thus, Vontress cannot show that it is impracticable to personally serve Gentry under NRCP 4.2(a).

Turning to both defendants now, Vontress has not shown that he exercised due diligence to locate and serve Gentry and Provencal.  There is no "objective, formulaic standard for determining what is, or is not, due diligence." *Abreu v. Gilmer*, 985 P.2d 746, 749 (Nev. 1999) (construing the term "due diligence" in a prior version of NRCP 4.4(c)).  Due diligence cannot be measured "by reference to the number of service attempts or inquiries into public records." *Id.* Instead, Nevada requires courts to assess due diligence by measuring "the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant." *Id.*

Here, Vontress argues that he "made a diligent attempt to serve both defendants" by providing USM-285 forms for each one.  However, NRCP 4.4 requires more.  Apart from filing his motions for service, Vontress has not shown what efforts he has made to **locate** an address for Gentry and Provencal.  The Attorney General provided Gentry's and Provencal's last-known addresses under seal, but if defendants cannot be served at those addresses, then Vontress must conduct his own investigation to try to locate them.  *Peterson v. United States*, 2017 WL 10543986, at *2 (C.D. Cal. Jan. 10, 2017) ("Although plaintiff may not have access to public records because of his incarceration, Plaintiff has not had someone else perform an appropriate investigation into public records on his behalf."); *see also Thomas v. Ellis*, 2014 WL 116286, at *6 (N.D. Cal. Jan. 13, 2014) ("Although the Court can order service of process on a defendant when the plaintiff is indigent, it is the plaintiff's responsibility to provide a name and address for each defendant to be served.")  Until then, the Court finds that Vontress has not established that defendants "cannot, after due diligence, be found." *See* NRCP 4.4(c)(1)(A).

Further, NRCP 4.4(c) requires Vontress to suggest a newspaper publication where Gentry and Provencal may be served and which is reasonably calculated to provide actual notice. Vontress suggested none.  If Vontress chooses to file another motion for service by publication,

1  he must address each of NRCP 4.4(c)'s requirements.  Otherwise, the Court cannot grant him
2  relief.
3          Finally, the Court instructs Vontress that—unlike personal service through the U.S.
4  Marshal—Vontress's in forma pauperis status "does not extend to the coverage of costs
5  associated with service by publication since this is done through the private sector's newspapers."
6  *Johnson v. Adams*, 2020 WL 1531163, at *2 (D. Nev. Mar. 31, 2020).  Therefore, if Vontress
7  successfully moves for an order authorizing service by publication, he will have to bear the cost
8  for that service.

9  **III.    Conclusion**

10         IT IS THEREFORE ORDERED that Vontress's motion to waive service or, alternatively,
11 to serve defendants by publication (ECF No. 192) is DENIED.

12         IT IS FURTHER ORDERED that Vontress's motion for extension of time to serve Gentry
13 (ECF No. 202) is GRANTED.  The deadline for service upon Gentry is extended up to and
14 including 45 days from this order.

15         IT IS FURTHER ORDERED that Vontress's motion for assistance to effect service upon
16 Gentry via the U.S. Marshals Service (ECF No. 205) is GRANTED.

17         IT IS FURTHER ORDERED that the Clerk of Court shall send Vontress **2 copies** of form
18 USM-285.  On the first form, Vontress shall provide an address where Gentry can be served.  On
19 the second form, Vontress must leave Gentry's address information blank.

20         IT IS FURTHER ORDERED that Vontress has 20 days from today's order to provide the
21 UMS-285 forms to the U.S. Marshals Service at the following address: 333 Las Vegas Boulevard
22 South, Suite 2058, Las Vegas, Nevada 89101.

23         IT IS FURTHER ORDERED that the Clerk of Court is directed to issue a summons,
24 under seal, for defendant Gentry using the information provided under seal at ECF No. 61.

25         IT IS FURTHER ORDERED that the Clerk of Court is directed to serve the U.S. Marshal
26 with a copy of this order, Gentry's issued summons, and the operative complaint (ECF No. 228).

27

28

IT IS FURTHER ORDERED that upon receipt of the USM-285 forms from Vontress, the U.S. Marshal is directed to attempt service of the summons and complaint upon Gentry at the address under seal at ECF No. 61 and any other address that Vontress provides on his second USM-285 form.

DATED: December 18, 2020.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE