**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| George L. Vontress, | Case No. 2:18-cv-01746-RFB-BNW |
| Plaintiff, | |
| v. | **Order re [270]** |
| State of Nevada, et al., | |
| Defendants. | |

Before the court is a motion to seal by defendants Warden T. Thomas, C. Fuller, Racheal Williams, and CoreCivic (the "CoreCivic defendants"). ECF No. 270. The CoreCivic defendants move to seal Exhibit 4 of their motion for summary judgment. *Id*. Plaintiff did not oppose.

Generally, the public has a right to access judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). As a result, there is a strong presumption in favor of public accessibility, and a party seeking to seal a judicial record "bears the burden of overcoming this strong presumption." *Id*.

There are at least two different sealing standards. The first standard is "good cause," and it applies when a movant seeks to seal documents related to a non-dispositive motion that is only tangentially related to the case. *Id*. at 1180.  The second is the "compelling reasons" standard, which applies when a movant seeks to seal documents related to dispositive motions or non-dipositive motions that are "more than tangentially related to the merits" of the case. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Under this latter standard, the moving party must articulate compelling reasons supported by specific factual findings to overcome the presumption. *Kamakana*, 447 F.3d at 1178–79. Sufficiently compelling reasons generally exist when a court's files "might have become a vehicle for improper purposes, such as

the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. at 1179 (quotation omitted).

Here, the motion to seal will be denied without prejudice. The movants seek to seal an exhibit attached to their motion for summary judgement. As this is a dispositive motion, defendants must show compelling reasons—not merely good cause, as articulated in their briefing—to overcome the presumption that this exhibit should be publicly accessible. *Id*. at 1180. Furthermore, to meet this standard, defendants must show more than a general category of privilege such as "privacy" or "confidentiality" to satisfy the burden. *Kamakana*, 447 F. 3d at 1184; *Chester v. King*, 2019 WL 5420213, at *2 (E.D. Cal. Oct. 23, 2019) (denying a motion to seal medical records that movants claimed were "confidential" due to the movants' failure to disclose how such records—which were related to the central issue in the case—could place movants or anyone else "in danger").

Defendants argue (albeit under the good-cause standard) that the medical records should be sealed because they contain "confidential medical information, including medical conditions not at issue in the Complaint." ECF No. 270. However—like the movants in *Chester*—defendants do not offer any specific facts in support of these claims which would overcome the presumption of public access, and do not explain why an alternative, such as redactions to the exhibit, would not suffice, as the majority of the records are related to the central issues in plaintiff's complaint. Accordingly, the Court denies defendants' motion to seal without prejudice.

IT IS THEREFORE ORDERED that defendants' Motion for Leave to File Under Seal Exhibit 4 of the CoreCivic Defendants' Motion for Summary Judgment (ECF No. 270) is DENIED without prejudice. If defendants wish to renew their motion, it must be filed by July 19, 2021, or the exhibits will be unsealed.

DATED: June 17, 2021.

Brenda Weksler
United States Magistrate Judge